OGDEN, BARKER and others, *against* KIP and others, Directors of the NORTH RIVER BANK.

On filing a bill against the president and directors of an incorporated banking company, charging the defendants with a fraudulent abuse of their trust, in the election of directors, an *injunction* will not be granted, *in limine*, before the coming in of the answers, to restrain the new directors, whose election was colourable in law, from the exercise of their powers, nor will commissioners or *receivers* be appointed to take charge of the affairs of the bank, there not being an impending mischief, irreparable in case of delay.

*June 24th.*     THE bill was filed, (*June 23,*) by the plaintiffs named, in behalf of themselves and such others as may come in and contribute to the costs and charges of the suit, being stockholders of the *North River Bank,* charging the defendants with fraud and corruption, in the control and conduct of the election for directors, on the third day of *June,* instant ; and praying for a subpœna and *injunction* against nine of the new directors, to restrain them from all further interference with the management and agency of the bank, as directors, after the first *Monday* of *July* next ; and that the election of those persons, as set forth in the bill, be declared void, and their seats, as directors, for the ensuing year, be declared vacant ; and that *T.*, and three others of the directors, or some other persons, be appointed receivers of the bank, with authority to collect and receive debts due to the bank, and to hold the residue of the funds of the bank, subject to the order of the Court ; and that the votes, tendered by *S. A.*, may be deemed to be allowed, and that the persons named may be declared duly elected directors, &c., and for general relief.

A motion was now made for an injunction, according to the prayer of the bill.

*Wells,* and *W. W. Van Ness,* in support of the motion, cited 2 *Atk.* 145. 400. 4 *Term Rep.* 243. 2 *Vesey,* jr. 609. 2 *Fonbl. Equ.* 206. note *a.* 17 *Vesey,* 315. *The Attorney General* v. *The Utica Ins. Co.* 2 *Johns. Ch. Rep.* 371. and cases there cited. 1 *Merivale's Rep.* 107. 14 *Vesey,* 245. 1 *Fonbl.* 14. 1 *Johns. Ch. Rep.* 49.

*S. Jones, D. B. Ogden,* and *Haines,* contra, were stopped by

THE CHANCELLOR, who directed the motion to stand over until the coming in of the answers.

He said, that this was not the case of impending and irreparable mischief to arise from delay. The bill is confined to the charge of a fraudulent abuse of trust in the present directors of the bank, respecting the recent election of directors, and does not charge fraud or abuse in the ordinary pecuniary concerns of the institution. It is not the course and practice of the Court to grant injunctions *in limine,* and before answer, unless the injury be pressing, and the delay dangerous. The present directors were appointed by the statute incorporating the bank, and nearly all the same persons are re-elected, by an election colourable in point of law, though it may afterwards turn out to have been fraudulent in point of fact. They are in the actual exercise of their office as trustees, and it would not be very convenient or reasonable to devest them of their powers, and to place in the hands of commissioners or receivers, to be selected by the Chancellor, the capital of a bank amounting to half a million of dollars, before the defendants have had an opportunity to answer the bill. A trustee is rarely, if ever, devested of his trust, until he has been heard in answer to the charges against him. Nothing but the necessity of the case, such as the danger of irreparable loss, can justify a departure from this rule of common justice. There is no

1822.

*Ogden*
*v.*
*Kip.*

sufficient ground to conclude, even from the charges in the bill, that the moneyed affairs of the bank will not continue to be safely administered, in the intermediate time, between the filing of the bill and the coming in of the answers. The injunction cannot be granted, and a receiver appointed, according to the prayer of the bill, without stopping the future operations of the bank, and shaking the credit of its paper. It goes, in the first instance, to displace men from a trust with which they were originally invested by the legislature, before they have been heard in their defence; and, if the charges in the bill should be denied, and should not be sufficiently proved, a great and lasting injury would be received by the institution, without the means of adequate compensation. In a case, then, of so much importance, and one which affects rights and character so deeply, and where interests of extensive concern and great amount may be seriously affected by the granting of the motion, it is certainly the dictate of discretion, to wait until the charges in the bill shall have been either admitted by the answer, or established by proof.

Without, therefore, undertaking, for the present, to discuss any of the other points, which have been raised upon the argument, it is sufficient to say, that, under the present circumstances of the case, the motion must be denied.

　　　　　　　　　　　　　　　　*Motion denied.*