<div style="margin-left-note">UTICA,
Aug. 1828.

Ex parte
Desdoity.</div>

---

### Ex parte JOHN B. DESDOITY and others.

<div style="margin-left-note">The seat of directors of an insurance company elected by a vote upon *the stock of the company* will be vacated; and the directors having a majority of votes upon the outstanding stock will be *declared* duly elected, on motion, where the facts are sufficiently ascertained by affidavit.</div>

APPLICATION to set aside the election of thirteen persons chosen directors of the Protection Fire Insurance Company, in the city of N. Y., on the 16th June last, and to *declare* thirteen others duly elected directors of the company. The stock of the company consists of 8000 shares, of which only 1788 are outstanding, the residue being owned by the company. At the election, one of the officers of the company voted upon 751 shares of the stock *belonging to the company*, for the persons whose election is sought to be vacated, which gave them a majority of the votes; otherwise, thirteen other persons, the relators in this case, would have been elected, they having the greatest number of votes, exclusive of the votes upon the *company's stock*. The number of directors is seventeen; four of those elected received all the votes given.

*Storrs*, for the application. This case is not distinguishable from that of the Tradesmen's Insurance Company, (5 *Cowen*, 426,) in which the court set aside an election of directors effected by the same means. The relators here, however, ask, that in addition to vacating the election of the persons illegally chosen, the court will *declare* the others duly elected, and not order a new election. They have the power so to do; and the facts being uncontroverted, the court are as well enabled to give judgment as if they had been found by verdict, after a proceeding in the nature of a *quo warranto*. A majority of the stock-holders should be permitted to control the affairs of the company by directors of their choice, without the delay of another election. Besides, *four* directors are duly elected, whose seats cannot be vacated.

*J. A. Collier*, contra, questioned whether the evidence before the court was sufficiently conclusive, to enable them to

determine upon the legality or illegality of the votes complained of. If, however, the court should be of opinion that the votes given were illegal, he insisted they would not declare the relators elected; but would order a new election. He did not deny but that from the phraseology of the act, it would seem that the court had the power thus summarily to dispose of the question; but he doubted whether such was the intention of the legislature. The court never had gone thus far; they had, heretofore, in similar cases, only ordered new elections, and he trusted they would do no more in this case. An election might be held within a short time; and the stockholders might then designate the persons to whom they chose to entrust the management of their corporate concerns.

*By the Court*, SAVAGE, Ch. J. The court are satisfied, that thirteen of the persons returned as duly elected, were elected by an *illegal* vote; and that the relators in this case had a great majority of the votes upon the outstanding stock of the company, and consequently were duly elected directors. The court cannot perceive the use of a new election; they, therefore, vacate and set aside the election of the thirteen persons, whose election depended on the vote upon the 751 shares of company stock, and declare the others duly elected directors of the company.