Learned, J.
This is a motion to dissolve an injunction. The action was commenced in July, 1871, to restrain the defendants from rebuilding a dam constructed by them in the Hudson river ; to compel the removal of the same; and to recover damages. The in *462 juries alleged by the plaintiff are, that the construction of the dam -will cause the waters of the Hoosic river to set back along lands of plaintiff; that ice formed in the Hoosic will accumulate on the dam, and will cause some fifteen acres of the plaintiff’s land to be submerged, and other ice to flow over these fifteen acres; and that a water privilege of the plaintiff will be destroyed by the back water caused by the dam. An injunction was thereupon granted in July, 1871, which the defendants now move on affidavits to dissolve.
The injunction restrained the defendants from erecting the dam; and it will be seen, therefore, that, so long as the injunction continues, the plaintiff has practically succeeded in the action.
It is not disputed that the defendants own the land where the dam is built, or have a license to build it thereon. Hor is it claimed that the water privilege of th e plaintiff is now used. The plaintiff’s ground of action, therefore, is based only upon the injury to the water privilege which he may use, and upon the injury to his land by overflow and ice'. Upon the question of fact in respect to these alleged injuries, there is some conflict.
But before examining the question of fact, I propose to consider whether, if the plaintiff’s allegations be taken most favorably for him, this is a case for a preliminary injunction.
There is a distinction between a preliminary and a final injunction (Murray v. Knapp, 43 Sow. Pr., 463). While the Code has' attempted to define the cases in' which preliminary injunctions may issue, I do not understand the definition as-intended to lay down a new principle; unless, indeed, in the last clause of section 319. The Code is a code of practice, not designed to introduce new principles of jurisprudence. Looking back, then, at the settled rules of equity, we shall find that, while final injunctions are matters of right, preliminary injunctions are matters of discretion (New York Printing Co. v. Fitch, 1 Paige, 97; Ogden v. *463 Kip, 6 Johns. Ch., 160). Their object is to prevent such acts during the litigation as would preclude the court from giving the plaintiff his remedy at the end. If they have in recent times been granted more liberally, such a course has been incorrect in principle, and of evil tendency. They should be granted with great caution, and, if I may use the expression, reluctantly. When a plaintiff shows that he will be entitled to a final, it does not necessarily follow that he is entitled to a preliminary injunction. Such aninjunction should not be granted or sustained, unless without it, the court could not, by its final judgment, do justice between the parties.
The reason of this is obvious. The plaintiff, in order to recover, ought to succeed on a trial, and it is the right of the defendant to have a trial (Thompson v. Erie R. R. Co., 45 N. Y., 472). But preliminary injunctions are granted usually ex-parte, and- always on affidavits. Where the preliminary injunction restrains the defendant from doing the veiy acts, to restrain which the final judgment is sought, then the plaintiff has practically succeeded without a trial, and at the very beginning of his case. He need do nothing more than to delay the action as much as possible. Such is the present case. The defendants are restrained from building their dam, pending the action. If the action is never tried, the plaintiff has succeeded.
Is there, then, any necessity in this case that the defendants should be thus restrained pending the action % If the plaintiff succeeds on the trial, he will be entitled to a judgment restraining any further building of a dam, and requiring the defendants to remove whatever shall have been built during the litigation, and previously thereto. If the defendants go on to build during this litigation, they will do so at their own peril, and at the risk (if they are wrong) of being compelled to-restore the river to its former condition. And I do not understand that the erection of the dam will do *464 any irreparable injury which its removal will not take away. They will be liable also to make compensation to the plaintiff for all damages. Will there be any difficulty in estimating these damages \ I think not. The water privilege is not used, and it is not alleged that the plaintiff is about to use it. Indeed, it is alleged by the defendants that the shore opposite the plaintiff’s land belongs to another, and that the plaintiff does not possess the right to abut a dam thereon. While, therefore, if this water privilege is injured, the plaintiff may be entitled to such a judgment as will remove the injury, yet the temporary damages to the removed water privilege must be of inconsiderable amount. The other damages are those occasioned by the overflowing of fifteen acres of land with water, and the covering them with ice. There .seems to be no difficulty in estimating the amount of damage thus done, and in compensating therefor in money.
On the other hand, if this preliminary injunction stands, and yet on a final hearing the court should decide in favor of the defendants, it may be that they will have suffered largely in their business from a deficiency of water to their mill—damages very difficult to compute. Why then, during this litigation, should they not go on with this erection on their own land, subject to the risk of a final judgment against them, especially as it is not suggested that they are irresponsible.
The examination of the merits of this litigation on affidavits must be unsatisfactory. There is no cross-examination of witnesses; and ■ the affidavits of opposing experts are always unfavorable to a high estimate of the precision of scientific knowledge.
Without, therefore, expressing any opinion on the merits of the controversy, I think that, for the reasons stated, the plaintiff does not need for his protection a preliminary injunction, and that the injunction granted should be vacated, with costs of motion.