## WESTERN DISTRICT,

### . 1855.

PRESENT:

HON. ETHER SHEPLEY, LL. D., CHIEF JUSTICE.
HON. JOHN S. TENNEY, LL. D., ⎫
HON. RICHARD D. RICE,         ⎬ ASSOCIATE JUSTICES.
HON. JOHN APPLETON,           ⎭

## COUNTY OF CUMBERLAND.

### † SMITH *versus* POOR & *als.*

For the official misconduct of the directors of an incorporated company, and fraud in the discharge of their duties, they are responsible to the corporation.

An individual corporator, who has suffered damage in a contract made with such company, through the fraudulent acts and votes of its directors, under color of their office, can maintain no action against *them* to recover compensation. His remedy is against the company.

TRESPASS ON THE CASE.

This action was commenced Nov. 22, 1852. After the writ was read to the jury and the plaintiff stated the grounds on which he proposed to support the action, the

counsel for defendants interposed objections to its main-
tenance, even if the facts set forth in the declaration could
be proved; and SHEPLEY, C. J., presiding at the trial, deem-
ing the objections valid, a nonsuit was entered, which was
to be taken off and the action to stand for trial, if in the
opinion of the Court, the action can be maintained upon
proof of the facts alleged in the declaration.

The defendants were John A. Poor, James T. McCobb,
Charles Jones, Thomas Cummings and Edwin Howe. The
acts complained of, were alleged to be done under color of
their office as directors of the Portland Gas Light Company.
The writ contained but one count, wherein it was alleged,
that a certain contract had been entered into between that
company and plaintiff, and that he was to construct cer-
tain works for the company, for which he was to be paid
$60,000, that he proceeded in good faith to fulfil and com-
plete his contract, but that defendants, being such directors,
wilfully and illegally combined to injure the plaintiff and
fraudulently and willfully prevent his execution of the con-
tract: — (1,) In not causing installments on stock to be paid
in and paid over to plaintiff. (2,) In withholding payments
due him. (3,) In not disposing of $15000, of stock direct-
ed by stockholders to be sold for aiding in the completion
of the contract; — plaintiff averred that he had paid the in-
stallments as due on his own subscription for stock, complet-
ed the works and delivered them to defendants' acceptance
as directors of the company; and through the wrongful, ille-
gal and oppressive acts of said defendants he suffered great
injury and damage.

The declaration also set forth that plaintiff was the owner
of $39500 of the capital stock of the company, and that
defendants, with a design to injure, oppress and defraud the
plaintiff, both as contractor aforesaid and as stockholder in
said company, and to prevent him from exercising his just
rights and relative authority over the officers and elections
of said company, illegally and fraudulently upon the stock-
holders of said company, including the plaintiff, to retain

themselves in office as directors, and to continue their fraud, &c., passed this vote. " Voted, that the treasurer be authorized to hire a sum of money not exceeding $5000, on one year's time, for the payment of debts now due, and to secure the payment by an absolute transfer of shares of stock in this company to double the amount so borrowed, at the par value of said stock, and to enter the same on the books of the company in the name of the persons to whom such transfer is made, and to credit said shares as fully paid up. And said person or persons shall be entitled to all the privileges appertaining to stock on which all assessments have been paid, until said notes become due and are paid," &c. and that defendants created certificates of stock, purporting to be certificates of stock, representing capital in said company, fraudulently, illegally and intentionally to defraud plaintiff thereby of his just rights in the premises, to the amount of $10,000, and transferred them to James T. McCobb, one of defendants, with the intent, that he should vote upon them at the next annual meeting and thereby to retain their offices; and did report said McCobb as a legal stockholder, and by means of such proceedings procured themselves to be elected as directors, when in truth and in fact, by the legal votes at the meeting, another and different board were chosen.

The declaration also alleged, that under color of raising funds to finish the company's works, they raised them and loaned them to each other without interest, and kept them for successive months, to the great loss of the plaintiff as a stockholder, &c.

The declaration also alleged that a reference had been entered into of a suit commenced by plaintiff against the company, and all demands and controversies between them, and an award was made which the defendants in their capacity as directors had fraudulently combined together to prevent the plaintiff from receiving.

There were also many other charges made against the defendants of acts by them designed to injure, harrass and op-

press the plaintiff, all under color of their office as directors of said company.

*Shepley & Dana,* for defendants.

1. No such action as this at law can be maintained by an individual stockholder against the officers, or agents of a corporation. They are responsible to the corporation alone for any injury to the corporate property, or diminution of the value of the stock or capital of the corporation, by any violation of their duties or obligations, whether by misconduct or neglect. *French* v. *Fuller,* 23 Pick. 108; *Robinson* v. *Smith,* 3 Paige, 222.

Nor can a bill in equity be brought by an individual corporator against the officers for misfeasance, until proper measures have been taken to induce the corporation to obtain redress, and they improperly refuse. *Hersey* v. *Veazie,* 11 Shep. 1.

This doctrine applies with equal force to that part of the declaration which claims damages for selling the stock to other parties than the stockholders. The remedy is against the corporation. *Gray* v. *Portland Bank,* 3 Mass. 363.

2. So far as damages are claimed for breach of his contract, set out in the declaration, the contract was with the corporation, and his remedy is against them. The declaration shows he has already resorted to that remedy, and had his reference and award.

This action has the merit of novelty, but no other.

*Smith, pro se.*

Upon the recognized principles of jurisprudence, the defendants are liable at law, or in equity, for offences such as set forth in the writ. *Charitable Corporation* v. *Sir Robert Sutton,* 2 Atk. 400; *Robinson* v. *Smith & als.,* 3 Paige's Ch. R., 232; Bac. Ab., title Corpor., 5; *Underhill* v. *Gibson,* 2 N. H., 232. Although corporations *may be* liable for torts, yet for such *tortious acts,* it has never been decided but that the agents and officers of the offending corporation, are not also liable *in their individual capacities.*

As to the breach of the plaintiff's contract, by the corporation, his remedy is said to be upon that contract. As between the plaintiff and the corporation, his remedy is limited to only the legal interest on the payments withheld.

But the defendants, having, as directors, control of the funds, are charged with having fraudulently and wickedly conspired to effect a breach of the corporation contract with plaintiff, and thereby, designedly, to inflict on plaintiff *injuries for which the corporation is not liable;* and for which he has no remedy against the corporation. Can it be said that for such a *premeditated, direct* and *personal* injury, no remedy exists?

The injury charged is an independent, distinct injury from any with which the corporation is chargeable, or which it is capable of perpetrating, except by unequivocal adoption. Angel & Ames on Cor., § 385, c. 11.

And when adopted, the individual liability of the trespassers is not merged or discharged. *N. Y. R. R. Co.,* v. *Wilts,* 4 Whart. 143; *Wright* v. *Wilcox,* 19 Wend. 343; *State* v. *Great Works Milling and Manf. Co.,* 20 Maine, 44; *Thayer* v. *Boston,* 19 Pick. 516.

The defendants are charged with illegally assuming powers, creating stock with a willful intent to injure the plaintiff, and thereby doing it. Why, for this, is the plaintiff without remedy?

Here the agents were outside of their duties, and made themselves personally responsible.

The certificates of stock, standing in McCobb's name, never represented capital paid in to the company, within the meaning of the charter. These defendants knew it.

The election, with the votes of these certificates, was invalid. *J. B. Disdoty & als.* 1 Wend. 98.

That these were not such shares as authorized a vote upon them, is supported by the case of *The Society for the Illustration of Practical Knowledge* v. *Abbott,* 2 Beavan, 559.

The corporation, as such, having no authority thus to

issue illegal stock, cannot be holden responsible for the uses thus made of it. The parties, acting under *color of office*, and doing it in the name of the corporation, are the suitable respondents for such illegal acts.

The several allegations in the writ, although of different acts of defendants under color of office, partake of the same wrongful character, and fall within the same principle of personal responsibility to the injured party.

The question then returns, can the plaintiff maintain a separate action against the wrong doer? If not, the wrong goes unredressed, and this is the true test of the question of remedy.

It is said the *corporation* must sue or be sued, in order to reach the remedy; that the proceeding must be by bill in equity, if against the corporation, or by an action at law, if in the name of the corporation.

Our answer to each of these suggestions is, that the wrongs charged were to the plaintiff *specially* and *exclusively*, and for which the corporation has no right of recovering, because not responsible over to the stockholders for them. Angel and Ames on Cor., § 297.

The plaintiff *being the sole party injured*, in the special manner charged, must be *the sole plaintiff in the remedial proceedings*.

A bill in equity would not lie, as there is a remedy at law.

If the acts were within the legal scope of defendants' authority, and an injury resulted to plaintiff in common with the other stockholders, then the remedy would be by the corporation; or if the corporation was under the control of guilty parties, (*Robinson* v. *Smith*, 3 Paige, N. Y. Ch. R., 233,) the remedy would be by bill, by some of the injured stockholders for the benefit of all.

But this is not an action brought for the purpose of compelling the ministerial officers of the Gas Light Co., to account for breach of official duty or misapplication of corporate funds, as in *Hersey* v. *Veazie*, 11 Shep. 12, and other cases cited to § 312 of Angel & Ames on Cor. But for

unofficial and illegal acts under color of office, contrived specially to injure the plaintiff *individually and separately from all other persons,* both as a contractor and a stockholder of the company, as well as in his individual character.

In *Smith* v. *Hurd,* 12 Met. 383, the whole doctrine applicable to this case, for and against, is reviewed, and the result is, that for an " indirect," " contingent," " subordinate," or " remote," injury, one of many stockholders of a corporation, or *quasi corporation,* cannot maintain a separate action against the wrong doers acting under *color of office.* But the same case decides that to the extent of his separate and peculiar interest, a stockholder, no doubt, might maintain his *separate* and *special* action according to the nature of the injury done him. And the Court sustains trespass on the case against directors, in favor of a single stockholder, for refusing to make a transfer of stock for a stockholder on a proper occasion.

This principle covers the whole ground of the case at bar.

Upon analyzing the declaration, it will be found to charge each and all the acts complained of as designed to injure plaintiff *specially,* and in a manner not common with any other stockholder. The law authorizes a *multiplicity of suits,* wherever the ends of justice are not attainable by a joinder. When the damages are special and there is not a privity between parties plaintiff in the injury suffered from a common source, then each party has his separate remedy and suit.

APPLETON, J. — The Portland Gas Light Company are responsible to the plaintiff on any and all contracts it may have made with him, to the extent of any damage he may have sustained in consequence of any violation of such contract or contracts on its own part.

The directors of a corporation are chosen by the votes of the corporators, are the agents of the corporation, and are responsible to it for official misconduct and fraud in the discharge of their duties. The amount which may be re-

covered by the corporation in a suit for official delinquency, will in each case constitute a portion of its assets in which each corporator will have an interest in proportion to his share of the whole stock. *Franklin Fire Ins. Company* v. *Jenkins,* 3 Wend. 130.

The plaintiff being a member of the corporation, and having made a contract therewith, claims compensation of the defendants, its directors, for certain alleged fraudulent acts and votes, by reason of which he has been damnified in his various relations with the corporation. It was held in *Smith* v. *Hurd,* 12 Met. 371, that a stockholder in a bank could not maintain an action against its directors for negligence in so conducting its affairs, that its whole capital was wasted and lost and the shares therein rendered worthless; nor for the malfeasance of the directors in delegating the whole control of its affairs to the president and cashier, who wasted and lost the whole capital. The decision in that case rests upon well established principles, and has a direct and important bearing adverse to the maintenance of the suit now before us.

The directors, who fraudulently abuse their trust, and misapply the funds of the corporation, are personally liable as trustees to make good that loss. But the stockholders cannot maintain a bill to compel them to account, unless it first appear, that the directors refuse to prosecute the suit, or the present directors are the parties, who made themselves answerable for the loss. In all cases the corporation is a necessary party either as complainants or defendants. *Robinson* v. *Smith,* 3 Paige, 222; *Hersey* v. *Veazie,* 24 Maine, 9; *Cunningham* v. *Pitt,* 5 Paige, 607.

The plaintiff, so far as he was entitled to his certificates of stock, might vindicate his rights by suit against the corporation, in case of the wrongful refusal of their officers. *Gray* v. *Portland Bank,* 3 Mass. 363. If a corporation refuse to permit a transfer of stock upon their books, they are liable in assumpsit. *Com.* v. *Bank of Buffalo,* 22 Wend. 348. If dividends are illegally withheld, the remedy of the party

aggrieved is by a suit against the corporation, and not against its officers. *French* v. *Foster*, 23 Pick. 108.

In case of a fraudulent abuse of trust on the part of the president and directors of an incorporated banking company in the election of directors, it seems that the new directors may be restrained from the exercise of their powers by injunction. *Ogden* v. *Kip*, 6 Johns. Ch. 160. In *Cone* v. *Arrison*, 15 Serg. & Rawle, 127, it was held, that in this country information may be freely used for trying the right to offices in public as well as in private corporations. A writ of mandamus will be granted to restore directors of a banking corporation, who were refused the exercise of their rights as directors by a majority of the board. Angel & Ames on Corporations, c. 20, § 702. So the writ will be granted where the member of a company was illegally removed. *Delacy* v. *Neuse River Navigation Co.*, 1 Hawk. 274. In *exparte Disdoty & als.*, 1 Wend. 98, illegal votes were cast at an election of directors, by which votes certain persons were elected, and without them certain other persons were elected, the Court, upon application, say, the election by the illegal votes was void, and that the other election without those votes was legal and binding. The authority to issue a mandamus to corporations and individuals when necessary for the furtherance of justice, is expressly given by R. S., c. 96, § 5. It likewise exists at common law. *Smyth* v. *Titcomb*, 31 Maine, 272. Assuming, therefore, the votes complained of to have been cast illegally, as is alleged, the rights of those directors chosen by legal votes, would upon proper process have been fully affirmed.

So far as the plaintiff may have sustained damages as a contractor with the Portland Gas Light Company, in consequence of any breach on its part of its contract with him, he has the ordinary legal remedies against the same, and in a proper suit may recover all to which he may be legally entitled. It seems by the declaration, that he has commenced such suit, and that the parties have referred "all demands and claims and controversies" between them, and

that he has obtained an award upon the same in his favor. By that award it would seem, that "all demands and claims and controversies between the parties" have been finally determined. In this writ he claims damages against the defendants, because the corporation have not complied with this award. If it has not been adjusted, the plaintiff is entitled to the ordinary process of law against the corporation, and in case of its insolvency, to the remedy provided by statute against the stockholders of the corporation. As a creditor of the corporation, the plaintiff is entitled to the same remedies as its other creditors. His claims are directly against the corporation and to be enforced against it.

The general propositions already discussed, embrace the various grounds of complaint set forth in the plaintiff's writ, and sufficiently indicate the reasons why, upon legal principles, this action is not maintainable.

The plaintiff's contract with the corporation was dated Oct. 29, 1849. The various acts of which complaint is made, are alleged to have been done by the defendants under color of their office, as directors, and cover a period of over three years. Most of the grounds of complaint, such as fraudulently preventing the plaintiff from performing his contract, neglecting to collect the instalments when due, and to pay over the moneys collected, and the fraudulently issuing stock and allowing the same to be voted upon, &c., occurred prior to July, 1851, when the defendant, McCobb, was chosen director. All the illegal acts before that time, done under color of office, were without his participation. The demurrer to the declaration is by all the defendants. The defendant, McCobb, cannot be held responsible for acts, to which it appears by the plaintiff's own showing he was not a party. If all the allegations in the declaration are omitted as to facts occurring before the election of McCobb, and for which he cannot be held answerable, the declaration would be fatally defective. There is no allegation in the writ so connecting the defendant, McCobb, with the proceedings before his election, as to show that he should be

held justly liable for those occurring subsequent thereto. As to the latter, there is no sufficient declaration. The writ contains but one count, and sets forth no legal cause of action. The declaration must be adjudged bad.

*Declaration bad.*