Howe v. Barney et al.

(*Circuit Court, S. D. Ohio, W. D. April 24, 1891.*)

NATIONAL BANKS—INSOLVENCY—MISCONDUCT OF DIRECTORS—RIGHT OF STOCKHOLDERS TO SUE.

    A stockholder in an insolvent national bank for which a receiver has been appointed cannot sue its directors to make them personally liable for the mismanagement of the bank, as the right of action is in the receiver, and not in the individual stockholder.

At Law.

*Milton Sater* and *Follett & Kelly*, for plaintiff.

*Paxton & Warrington, Harmon Colston, Goldsmith & Hoadly, Jordan, Jordan & O'Hara*, and *C. W. Baker*, for defendants.

SAGE, J. The plaintiff sues as the owner and holder of 100 shares of $100 each, of the capital stock of the Metropolitan National Bank, a corporation organized under and by virtue of the laws of the United States for the purpose of carrying on the banking business, which business it did carry on in the city of Cincinnati, Ohio, from the 1st day of January, 1884, to the 1st day of February, 1888, its capital stock being $500,000. The petition sets forth that the defendants constituted the board of directors of said bank, and by reason of their mismanagement, carelessness, neglect, bad faith, and unlawful conduct in the administration of their office, permitted and caused the money, property, assets, and capital of the bank to be squandered, wasted, and loaned upon insufficient security or without security, and the capital stock to become almost worthless, to such an extent that the bank become embarrassed and insolvent, by reason whereof the comptroller of the treasury of the United States, on the 6th day of February, 1888, seized upon and took possession of the bank, displaced the defendants from the management and control thereof, and turned over its money, property, and assets to a receiver duly appointed, who proceeded to close out and wind up its affairs according to the laws of the United States. The petition sets forth in detail the acts of the directors complained of, and alleges that from the property and assets of the bank sufficient money was realized to pay its creditors and depositors in full; and that dividends at different times have been declared and paid to the stockholders, including the plaintiff, of 49 per cent. of the face value of the stock held by them, the dividend to the plaintiff amounting to $4,900.

The petition further alleges that by reason of the acts of the defendants complained of the plaintiff has lost 51 per cent. of the stock so owned and held by him as aforesaid,—that is to say, the sum of $5,100, —for which he prays judgment, with interest and costs.

Four of the defendants have filed answers. The cause is now before the court upon general demurrer on behalf of the defendants Charles M. Holloway and Edward N. Roth. The demurrer is upon the ground that, admitting the facts alleged in the petition, the right of action is in the receiver, and not in the individual stockholders. The precise point

was before the court in *Bank* v. *Peters*, 44 Fed. Rep. 13, (circuit court of the United States, eastern division of Virginia,) where it was held that a creditor of an insolvent national bank, for which a receiver has been appointed, cannot sue its directors for the purpose of making them personally liable for the mismanagement of the bank, but that the suit must be instituted by the receiver. This decision is in harmony with the entire line of authorities upon the subject.

*Smith* v. *Hurd*, 12 Metc. (Mass.) 371, is a leading case on this point. It was there held: *First*. That there is no privity, relation, or connection between the holders of shares in a bank, in their individual capacity, on one side, and the directors of the bank on the other, and that the bank is a corporation and body politic, having a separate existence as a distinct person in law, vested with the entire stock and property thereof, and that its agents, debtors, officers, and servants are responsible to it for all contracts made in reference to its capital, and for all torts and injuries diminishing or impairing it. *Second*. That the individual members of the corporation have no right or power, jointly or severally, to intermeddle with the property or concerns of the bank, or call any officer, agent, or servant to account, or discharge them from any liability. *Third*. That injury done to the capital stock by wasting, impairing, and diminishing its value is not, in the first instance, necessarily a damage to the stockholders. All sums which could in any form be recovered on that ground would be assets of the corporation, and would be held in trust to pay the debts of the bank; and it would be only after those debts were paid, and in case any surplus should remain, that the stockholders would be entitled to receive anything. *Fourth*. That, strictly speaking, shares in a bank do not constitute a legal estate and property, but rather confer a limited and qualified right upon the stockholders to participate, in the proportion of their holdings, in the benefit of the common fund vested in the corporation for the common use; that the stockholder's interest is a qualified and equitable one, manifested usually by a certificate, which is transferable, and that an injury done to the stock and capital by negligence or misfeasance, is not an injury to such separate interest, but to the whole body of stockholders in common. The opinion was by Chief Justice Shaw. He said that if an action could be brought by one stockholder it might be brought by the holder of a single share, so that for one and the same default of the directors there might be as many actions as there were shares.

In *Craig* v. *Gregg*, 83 Pa. St. 19, it was held that an individual stockholder could not maintain a separate action at law against the directors of a corporation for damages by reason of the negligence of the directors, and that the remedy must be in a form to protect the interests of the corporation as the trustee for all its stockholders and the creditors.

So in *Allen* v. *Curtis*, 26 Conn. 455, it was held that the directors are the agents of the corporation, and liable only to it, their principal, for their acts.

In *Evans* v. *Brandon*, 53 Tex. 56, a petition by a stockholder in a corporation for a recovery of damages for himself, and not on behalf of

the corporation, for the wrongful acts of the directory, was held bad on demurrer. No case has been cited, nor do I know of any, in which there has been a ruling to the contrary. There are cases in which it has been held that if the corporation is under the control of the parties sought to be charged, or if it refused, upon the request of the stockholders, to bring suit, the stockholder himself may bring a suit in equity in his own behalf and in behalf of all other stockholders who may wish to come in, but the corporation must be made a defendant, as well as the party sought to be charged, and the decree, if it be against the defendants, must be to compel them to make good to the corporation the corporate money or property lost by their negligence. Such a suit was *Robinson* v. *Smith*, 3 Paige, 222, where, previous to the adoption of the Revised Statutes of New York, it was held that generally, where there was a waste or misapplication of the corporate funds by the officers or agents of the company, a suit to compel them to account for such waste or misapplication should be in the name of the corporation. But, as the court never permits a wrong to go unredressed merely for the sake of form, it was further held that, if it appeared that the directors of the corporation, by collusion with those who had made themselves answerable by their negligence or fraud, refused to prosecute, or if the corporation was still under the control of those who must be made the defendants in the suit, the stockholders, who are the real parties in interest, would be permitted to file a bill in their own names, making the corporation a party defendant; and if the stockholders were so numerous as to render it impossible or very inconvenient to bring them all before the court, a part may file a bill in behalf of themselves and all others standing in the same situation. To the same effect, see *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; *Evans* v. *Brandon*, and *Allen* v. *Curtis*, cited *supra*; *Smith* v. *Poor*, 40 Me. 415; *Carter* v. *Glass Co.*, 85 Ind. 180. In all these cases, however, it was held that the corporation must be made a party defendant, and is the real beneficiary if the suit be successful. So, also, in *Dewing* v. *Perdicaries*, 96 U. S. 193, 197, 198, it was held that the avails of the litigation, if there be any, go to the corporation, and are a part of its means as if it had itself sued and recovered.

It is not necessary to pursue the subject further. The demurrer must be sustained, and the petition dismissed, at the costs of the plaintiff.