**(111 So. 464)**

**No. 26127.**

**DAWKINS et al. v. MITCHELL et al.**

(Jan. 3, 1927. Rehearing Denied Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⚫⟹917(1) — Reviewing court accepts as true well-pleaded facts on exception of no cause of action.**

On appeal from judgment sustaining exception of no cause of action, reviewing court must accept as true well-pleaded facts set out in petition.

2. **Banks and banking ⚫⟹254—In suit by stockholders of national bank against directors for mismanagement, dissolution of bank could not be assumed in absence of showing judgment of dissolution by federal court (Rev. St. U. S. § 5239 [U. S. Comp. St. § 9831]).**

In action by stockholders of national bank against former directors to recover moneys alleged to have been wasted through fraud and mismanagement, court could not assume dissolution of bank, in absence of judgment of competent federal court declaring dissolution at suit of Comptroller of Currency as required by Rev. St. U. S. § 5239 (U. S. Comp. St. § 9831); merely pleading that bank was no longer in existence being insufficient.

3. **Banks and banking ⚫⟹254—National bank's right of action against former directors for mismanagement and fraud is asset of bank prior to dissolution.**

Right of action of national bank for mismanagement, waste, and fraud of former directors is asset of bank prior to dissolution, and not of stockholders.

4. **Banks and banking ⚫⟹254—In action by stockholders of national bank against directors in control for mismanagement, bank must be made defendant.**

In suit by stockholders of national bank against directors for mismanagement, where corporation is under control of directors sought to be charged, corporation must be made party defendant.

5. **Banks and banking ⚫⟹254—In stockholders' suit against national bank and its directors for fraud, decree must compel directors to make good losses to bank.**

Where stockholders have right to sue national bank and directors in control for mismanagement and fraud, decree must compel directors to make good to corporation corporate money or property lost through fraud and mismanagement.

6. **Banks and banking ⚫⟹254—Stockholders of national bank could not sue former directors for fraud and mismanagement, where bank was undissolved and was not made party (Rev. St. U. S. § 5239 [U. S. Comp. § 9831]).**

Stockholders of national bank which was without receiver or legal representative could not sue former directors for fraud and mismanagement in bank's affairs, without making bank party, where bank had not been dissolved under requirements of Rev. St. U. S. § 5239, (U. S. Comp. St. § 9831); cause of action being asset of bank.

7. **Banks and banking ⚫⟹254 — Remedy of stockholders of national bank without legal representative, for fraud of former directors, is by appointment of receiver by whom bank may sue (Rev. St. U. S. § 5234 et seq. [U. S. Comp. St. § 9821 et seq.]).**

Remedy of stockholders of national bank for fraud and mismanagement of former directors, where bank, though existing legal entity, is without receiver or legal representative, is by appointment of receiver by proceedings initiated by Comptroller of Currency under Rev. St. U. S. § 5234 et seq. (U. S. Comp. St. § 9821 et seq.), as action against directors must be brought by bank.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Fred M. Odom, Judge.

Action by Tom Dawkins and others against W. R. Mitchell and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Dawkins & Dawkins, of Monroe, for appellants.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellee Clark.

J. M. Munholland, of Monroe, for appellees Allen and Washburn.

Percy Sandel, of Monroe, for appellees Mitchell, Wimberly, Titche, Newsome, and Sandel.

Theus, Grisham & Davis, of Monroe, for appellees Smith, Barringer, and Apgar.

LAND, J. Plaintiffs have appealed from a judgment sustaining an exception of no cause of action and dismissing their suit.

[1] In disposing of this exception, we must accept as true the well-pleaded facts set out in the petition.

The three plaintiffs are seeking as stockholders to recover against the former directors of the Union National Bank of Ouachita Parish, for the use and benefit of the bank and of all of its stockholders, the sum of $200,000, the amount of the paid-up capital stock, and surplus and undivided profits to the amount of $47,156.18, which they allege was misused, wasted, and lost through the gross mismanagement and fraud of the directors and officers of said bank in making worthless loans, and in applying the moneys of the bank to the benefit of firms and corporations in which some of the directors were interested as members and stockholders.

Plaintiffs allege that they acquired their stock in the year 1912, and that, during that year and in the years 1913 and 1914, the bank was in a prosperous condition; but that in the month of June, 1915, the bank was closed and placed in the hands of a receiver by the Comptroller of Currency.

Plaintiffs aver that the receiver, after paying the larger part of the bank's indebtedness, sold its remaining assets to the People's Investment Company, under the direction of the Comptroller of Currency, and liquidated with the proceeds the balance due by the bank to its creditors.

Plaintiffs further aver that the stockholders, directors, and officers of the People's Investment Company were the directors and officers of the Union National Bank, when its affairs were mismanaged and the moneys of the bank were squandered and dissipated. Plaintiffs allege that the receiver has been discharged and that his bond has been canceled, and "that said bank now owes no debts and is no longer in existence."

The present suit is an aftermath of the decision of this court in Dawkins v. Mitchell, 149 La. 1038, 90 So. 396. Thomas Dawkins, the plaintiff in this case, was plaintiff also in that case, and sued for his own benefit as stockholder to recover damages against the directors of the Union National Bank, on the ground that his shares of stock had been made worthless through the gross negligence and mismanagement of the affairs of the bank, by its directors and officers. The court held in Dawkins v. Mitchell that—

"Section 5239, U. S. Rev. Stat. [U. S. Comp. St. § 9831], in granting a cause of action to the shareholders, does not contemplate that one of them may sue, for his exclusive benefit, for damages properly belonging to the bank. He may sue, however, the directors who assented to, or who were parties to the negligence and maladministration for the loss sustained by the bank in his own behalf and in behalf of all other stockholders, the judgment, when recovered, to inure to and be paid the bank, or its receiver, as the case may be. In such a proceeding it should be alleged, if the bank be in the hands of a receiver, as is the case here, that demand was made on the receiver to sue, and that he failed or refused to bring the suit, or else facts should be alleged showing that it would have been vain to have made such a demand. The receiver, under such circumstances, should be made a party defendant. Chetwood v. California Nat. Bank et al., 113 Cal. 414, 45 P. 704; Zinn v. Baxter, 65 Ohio St. 341, 62 N. E. 327; Howe v. Barney et al. (C. C.) 45 F. 668; C. J. vol. 7, p. 793, § 678."

In the present case, however, there is no receiver upon whom a demand may be made to bring the suit, or who, upon refusal, may be made a party defendant. The receiver appointed by the Comptroller of Currency has liquidated the debts of the Union National Bank, and has been discharged, and his bond has been canceled. In addition to this, plaintiffs allege that "said bank is no longer in existence." However, in our opinion, this is an erroneous conclusion of law rather than a well-pleaded fact, as it is clear that a national banking association cannot become dissolved under section 5239 of the U. S. Revised Statutes, unless and until a judgment of a competent federal court, declaring such dis-

solution, has been obtained at the suit of the Comptroller of Currency.

[2] Plaintiffs have not alleged the dissolution of the Union National Bank at the suit of the Comptroller of Currency under this section of the U. S. Revised Statutes.

We cannot assume, therefore, that the corporation has been dissolved, through the forfeiture of its rights, privileges, and franchises, in the manner prescribed by law. National Bank v. Colby (U. S.) 21 Wall. 614, 615, 22 L. Ed. 687.

[3] Under the facts of this particular case, we must consider the Union National Bank as a legal entity, still existing, in so far as concerns its ownership of right of action against the former directors of the bank for damages arising from acts of malfeasance, and fraud in the administration of its affairs. This right of action is an asset of the bank that has not been disposed of, as it is sufficiently plain that the alleged sale of the remaining assets of the bank by the receiver to the People's Investment Company refers only to the physical property, and not to the incorporeal rights of the bank.

[4, 5] Even if we assume in this case that the corporation is still under the control of those who must be made defendants in the present suit, and that the plaintiffs as stockholders, who are the real parties in interest, should be permitted to bring suit in their own behalf and in behalf of all other stockholders, yet the corporation must be made a defendant, as well as the parties sought to be charged, and the decree, if it be against the defendants, must be to compel them to make good to the corporation the corporate money or property lost by the defendants' mismanagement, negligence, and fraud. Howe v. Barney et al. (C. C.) 45 F. 668; Brinckerhoff v. Bostwick, 88 N. Y. 52; Evans v. Brandon, 53 Tex. 56; Allen v. Curtis, 26 Conn. 456; Smith v. Poor, 40 Me. 415, 63 Am. Dec. 672; Carter v. Glass Co., 85 Ind. 180; Dewing v.

Perdicaries, 96 U. S, 193, 197, 198, 24 L. Ed. 654; Porter v. Sabin, 149 U. S. 478, 13 S. Ct. 1008, 37 L. Ed. 815.

[6, 7] But the Union National Bank is without receiver, or legal representative, and cannot be made a party to the present suit. The remedy lies, therefore, in the application by the stockholders to the Comptroller of Currency for the appointment of a receiver for the purpose of asserting the action of the bank against its former directors for the benefit of the stockholders.

As whatever is claimed in the suit at bar would be an asset in the hands of the receiver if recovered, the case is one where the receiver has been discharged before reducing to his possession all of the assets of an insolvent national bank, and before distributing them among the stockholders. It is clear that the appointment of a new receiver is a proceeding that must be initiated by the Comptroller of Currency alone. U. S. Rev. St. § 5234 et seq. (U. S. Comp. St. § 9821 et seq.).

Judgment affirmed.

ROGERS, J., concurs in the decree.