Lawrence *v.* Rokes.

---

GEO. W. LAWRENCE, *in Eq.*, *versus* EMERSON ROKES & als.

As a general rule, when by a fair construction of the bill, or at any stage of the proceedings, it becomes certain that the judgment or decree must necessarily be directly against such of the respondents named as reside without the jurisdiction; and, that no judgment or decree can be rendered or made against the respondent before the Court, without embracing and being binding on them or the estate in which they have an interest; the hearing cannot ordinarily proceed without them.

But, if the bill only seeks a remedy and decree against the respondent who appears or is within the jurisdiction, and such judgment or decree will not bind, and cannot be enforced here or elsewhere against, but leaves all questions open as to those residing without the jurisdiction; then, although they would, if before the Court, have an interest in the question, and a decree might be made against them, yet, not being before the Court, the cause may be heard and a decree made affecting, legally or equitably, only the party before the Court, even if it might be apparent that if within the jurisdiction their joinder would be required.

*It seems*, that where persons, not within the jurisdiction, are named as parties, the Court *may*, before a hearing on the merits, require *satisfactory* evidence that such parties have actual knowledge of the pendency of the bill against them, and that they can, if they see fit, appear and answer.

*Fuller* v. *Benjamin*, 23 Maine, 255, questioned.

Lawrence v. Rokes.

BILL IN EQUITY.

The case was heard on demurrer.

The allegations of the bill and demurrer sufficiently appear in the opinion.

*Evans & Putnam*, for the complainant.

*Gould*, for the respondent Rokes, contended that —

The bill cannot be maintained for want of proper parties, and demurrer is the proper mode of taking advantage of the defect. Story's Equity Plead., §§ 541 — 543; *Fuller* v. *Benjamin*, 23 Maine, 255; *White* v. *Curtis*, 2 Gray, 467 — 472.

The bill exhibits the names of several persons who should have been made defendants; and it is no excuse that they are out of the State.

That the Court will not proceed to a decree, until all whose rights are to be affected by it, are before the Court, is the general rule. *Evans* v. *Chism*, 18 Maine, 222, 223; Story's Equity Plead., §§ 77, 81, 82, 83, 162, 166, 218.

This bill sets out in legal effect a *partnership*; and, whether anything is due to the plaintiff cannot be ascertained until a settlement. To that settlement *all must be parties*. The interests of all are involved.

If some of the plaintiff's associates are beyond the jurisdiction of the Court, that is his misfortune, resulting from his voluntary act of association. The rules of law cannot be safely strained to cover every case of *misfortune*.

This case is, in its facts and circumstances, *identical* with the case of *Fuller* v. *Benjamin*, 23 Maine, 255.

KENT J. — The bill sets out a partnership in lumbering transactions between the plaintiff and the four defendants, on equal terms. It further charges, that the business has been finished, that all the joint property has been sold or disposed of, that all the debts due to or from the co-partnership have been adjusted and discharged, that the other members of the firm are justly indebted to him severally and individual-

ly in a large sum, for advances and payments made by him, beyond his fair share of such advances. He further sets out in his bill, that all the defendants named, except Rokes, now reside out of the limits of this State and out of the jurisdiction of this Court. The prayer is, that said Rokes forthwith, and the other defendants, whenever they come within the jurisdiction of this Court, may answer the bill and come to a full account, and pay whatever may be found due from all and singular of the said defendants, to him, the complainant. He also prays that process may issue against the three absent defendants, if they should come within the limits of the State. The respondent Rokes demurs to the bill, and assigns, as the causes of the demurrer, the non-joinder as parties of the three absent defendants, and that by the bill the complainant has not made a case that entitles him to discovery or relief.

The first answer to this is, that the absent partners *are* made parties to the bill, and process is prayed for against them. They are so far parties to the bill, that they may appear if they see fit, and have their rights protected and adjudicated upon. They are parties on whom subpœnas may be served, if they come into the State. In this respect, the case differs from some of the cases cited.

The question is, must the bill be dismissed because the three absent defendants have not been served with process, to compel them to come in?

This question is one that has perplexed courts of equity, as well as courts of law. On the one hand it is urged that there are many cases, where to dimiss a bill or suit, because a part of the defendants are out of the jurisdiction, and cannot be compelled to come in, is a practical denial of justice, and enables dishonest or reluctant debtors to escape from any judgment or recovery against them by separating and having their domicil in different States or in a foreign country. On the other hand, it is urged, that the general rule in equity is, that all persons legally or equitably interested in the subject matter of the suit and the object of the

bill, should be made parties, and that, unless this is done, the rights of the absent may be sacrificed or injuriously affected.

We have examined the text books and the various cases referred to, and find no certain and inflexible rule on the subject. All agree that there are exceptions to the rule requiring that all parties, who may be interested in the matter, must be parties before the Court. And this exception is recognized to the extent, that, *if the absent parties were within the jurisdiction of the Court,* it would not proceed without them, yet, it not being in its power to compel their appearance, it would not dismiss the bill for this cause, but " do what it can" to administer justice to the parties before it. *Cockburn* v. *Thompson,* 16 Ves., 326.

Mr. Justice STORY, in the case of *Vose* v. *Philbrook,* 3 Story, 347, in a case by a third party against a partnership, says, — " It is true, that where, as in the present case, the other partners are out of the jurisdiction, a court of equity may dispense with their being made parties, but then it is a matter in the *sound judgment* of the Court, whether, under all the circumstances, it ought to do so or not." The principles laid down by the same learned Judge, in his " Equity Pleadings," do not state the rule quite so broadly, but leave it in some uncertainty, after comparing one section with another. §§ 77, 78, 79, 82.

On a consideration and comparison of authorities and of the reasons on which they are based, we can find no better rule, as a general one, subject, of course, to exceptions in peculiar cases, than the following : — When it is certain, by the fair construction of the bill itself, or becomes so at the hearing, or in any stage of the proceedings, that the judgment or decree must necessarily be directly against the absent defendants, and that no judgment or decree can be made against the party before the Court, without embracing the absent, and binding them or property in which they have an interest, the hearing cannot ordinarily proceed without them. As where the bill seeks for a decree for the sale

or disposition of property in which all have a certain interest or ownership, or where it seeks for a dissolution of a co-partnership, or the specific performance of a contract, which can only be performed jointly by all; and other similar cases.

But if the bill only seeks a remedy and decree against the defendant who appears, or is within the jurisdiction, and such judgment or decree will not bind the absent, and cannot be enforced here or elsewhere against them or their property or rights, but leaves, as to them, all questions open, then, although they would have an interest in the question, if before the Court, and a decree might be made against them, yet, not being, the cause may be heard and a decree may be made, affecting, legally or equitably, only the party before the Court. And we think this may be done, although it is apparent that it would be more satisfactory to the Court to have all the parties connected with the matter before them, and their joinder would be required, if they were within the jurisdiction of the Court. The Court will not deny justice to a party seeking it, unless it is compelled to give a judgment or issue a decree which must bind others who are not before the Court, and have not been heard, or had an opportunity to be heard.

The question arises—under which class does the case before us fall?

This is not a bill against a partnership by a creditor of the firm seeking a decree against all or one of the members. But it is a suit by one member of a firm seeking to recover a sum from each of his co-partners, on the ground that he has advanced more than his proportion. It does not ask for a dissolution of the firm, but sets out that the business of the firm was concluded several years since, that its business relations with others are all settled and adjusted, and that nothing remains but an adjustment *inter partes*. Now, in the bill before us, they are not asserting or defending as a co-partnership, but as individuals, each for himself, and each, in fact, with an interest, to some extent, adverse

to each and all the others. This bill asserts that each of the four named owes individually to the plaintiff a certain sum. It does not ask for a joint judgment. It is true, that, in order to ascertain what that sum should be, it may be necessary to examine and adjust the partnership matters and to determine what is due on such settlement to the plaintiff from each of his co-partners. But, when this is settled, the decree asked for is against the defendant Rokes alone, unless the others named come in. And why should he not have such decree? It is said, however, that it is not so much that such a *final* decree may be made, as the fact that, in order to determine what sum is due, it is necessary that all the partners should be heard by answer and proof.

The plaintiff replies that he does not seek any decree against the absent, and that any decree he may obtain here cannot bind those not appearing; that, as to them, the whole matter must be left open, and, as he cannot invoke a decree or judgment in this case in any proceedings he may institute here or elsewhere against them, they cannot be affected by such decree in their persons or estate. This being so, the objection stands only as one touching the *proof* to be produced by the parties, and the nature and extent of the evidence to sustain the claim on settlement of the co-partnership.

It is to be observed that, now, either party and all interested witnesses, by our law, can give testimony in the case between them. There is no legal objection to the testimony of any or all these absent defendants, and either party may take and use it. The burden is on the plaintiff to show satisfactorily that, on a full and fair settlement of all matters, he is a creditor of the defendants summoned. If he fails to do this, his bill must be dismissed. On the other hand, the defendant Rokes may rebut all claim against him, by proving, by himself or partners, or otherwise, that, on such adjustment, nothing is due from him to the plaintiff.

This case seems to fall clearly within the class of cases where a bill will not be dismissed on the ground of absent

defendants, — certainly not on demurrer, or before it is made manifest that a decree against one cannot be made, without a decree against the others, who have not been heard; or, until it is certain, in the progress of the case, that it is impossible to determine the case and the rights of the parties before the Court, without the answers of the absent defendants.

In a case like this, where persons not within the jurisdiction are named as parties, it may be required, before a hearing on the merits, that the Court should be satisfied that the absent parties have actual knowledge of the pendency of the bill against them, and that they can, if they see fit, appear and answer, if such notice, formal or informal, can be reasonably given. But this is not absolutely essential to authorize the Court to proceed with the parties before them. It is a matter in the discretion of the Court in each case, depending upon its character.

We are aware that the rule before stated seems to conflict somewhat with the decision in *Fuller* v. *Benjamin,* 23 Maine, 255. That decision was made before the change in the law allowing parties and interested witnesses to testify. It would also seem that, in that case, the absent partners were *not* named as parties to the bill. Yet the Court assumes, as one ground for its opinion, that the absent members' rights might be affected by a decree. The principal reason given by the Court is, that the *evidence* of facts within the knowledge of all the partners is essential, before a decree can be made understandingly, and that that evidence could only be had by answer to the bill.

On the other hand, the case of *Towle* v. *Pierce,* 12 Met., 329, fully sustains the views we have taken and is directly in point.

The Supreme Court of the United States has often considered this question of necessary parties, and has gone great lengths in sustaining bills, where all the parties could not be reached. Thus, in *Mallow* v. *Hinde,* 12 Wheat., it was held that, where an equity cause may be finally decided as

*Lawrence v. Rokes.*

between the *parties litigant*, without bringing others, who would, *generally speaking*, *be necessary parties*, such parties may be dispensed with, if process cannot reach them. But not if a final decree cannot be made without affecting the *rights* of absent parties. To the same effect, *Elmendorf* v. *Taylor*, 10 Wheat., 152 ; *Van Reimsdyke* v. *Kane*, 1 Gallison, 371 ; *West* v. *Randall*, 2 Mason, 181. In New York, *Bailey* v. *Inglee*, 2 Paige, 278. It is not to be overlooked that, even under the strict rules of the common law, a similar doctrine prevails, and is often applied. It has long been settled, in this State and Massachusetts, that if a suit is instituted on a joint contract against several, and some of them are out of the jurisdiction of the Court, the plaintiff may proceed against those on whom service has been made, and recover a judgment against them only. *Tappan* v. *Brewer*, 5 Mass., 193 ; *Dennett* v. *Chick*, 2 Greenl., 191 ; *Hall* v. *Williams*, 8 Greenl., 434. The reason given is one of necessity. It is held that any other rule would be a denial of justice. MELLEN, C. J., in the case last cited, says that, " according to the doctrine relied upon by the defendant, no action on a joint contract can ever be maintained, when the debtors choose to reside in different States and are not amenable to the same tribunal."

*Demurrer overruled. — Defendant to answer.*

APPLETON, C. J., WALTON and DANFORTH, JJ., concurred.

BARROWS, J., concurred in the result.