**WHITTEMORE et al. v. CONTINENTAL MILLS et al.**

**No. 775.**

United States District Court, D. Maine, S. D.

June 14, 1951.

David J. Cohen, Edward J. Flavin, Boston, Mass., John B. Conley, Portland, Me., for plaintiffs.

John J. Mahon, Frank M. Coffin, Lewiston Me., for defendants.

CLIFFORD, District Judge.

This is an action brought by a group of minority stockholders of Continental Mills, a Maine corporation, having its principal place of business in the City of Lewiston, Maine, for the purpose, mainly, of compelling the declaration and payment of a dividend on the common stock.

The plaintiffs are all residents and citizens of Massachusetts.

The defendants named in this action are the following: Continental Mills, hereinafter referred to as Continental; Mills, Inc., a Maryland corporation, having its principal place of business in the City of Providence, Rhode Island, holder of a majority of the common stock of Continental; George V. Meehan, president and director, both of Continental and Mills, Inc., who is a resident and citizen of Rhode Island; James F. Armstrong, director, both of Continental and Mills, Inc., who is a resident and citizen of Rhode Island; Vernon L. Faulkner, treasurer and director of Continental, who is a resident and citizen of Maine; and John J. Mahon, director of Continental, who is likewise a resident and citizen of Maine. The fifth director of Continental, Charles Stetson, a resident and citizen of Massachusetts, was not named or included in the group of defendants.

Proper service, within the State of Maine, has been made on two of the five directors of Continental, namely, Mr. Mahon and Mr. Faulkner, as well as on Continental itself.

Service was made outside the State of Maine—that is, in Rhode Island, on director James F. Armstrong and on Mills, Inc. Both those parties appeared specially by counsel, and moved the Court to dismiss as to them, contending that proper service and venue was lacking. After hearing, both motions were granted without prejudice.

Director George V. Meehan has not been reached for service.

In other words, only two of the five directors of Continental have been properly served with legal process.

The two Maine directors and Continental have now moved this Court to dismiss as to them also, for the reasons,

(1) that the complaint does not state grounds for the granting of the equitable relief demanded; and,

(2) that indispensable parties, namely, all or a majority of the directors of Continental are not before the Court.

It is to be distinctly understood that the only questions before this Court are those stated herein, and that the merits of the controversy are in no way involved at this time.

█ The complaint, as originally filed, demanded relief primarily from the directors of Continental. Plaintiffs have since moved to amend their complaint by requesting relief, in the alternative, either from Continental, or from the Board of Directors of Continental. No responsive pleading has been served on the plaintiffs or filed by the defendants. The present motion to dismiss as to Continental and the Maine directors, Mr. Faulkner and Mr. Mahon, is not a responsive pleading to the complaint. See Rule 12(b), Fed.Rules Civ.Proc. 28 U.S. C.A. Therefore, the amendment as prayed for must be allowed as a matter of course. See Rule 15(a), Federal Rules of Civil Procedure.

### Sufficiency of Complaint.

The moving parties urge, first, that the complaint fails to state any claim upon which the Court may grant any of the relief prayed for.

Briefly, the complaint alleges that Continental has accumulated large amounts of profits, in excess of the reasonable needs of the corporation, which are retained by the corporation in liquid form. The complaint further alleges that Mills, Inc., is the majority stockholder of Continental, and that Mills, Inc., is owned by defendant George V. Meehan. The gist of the action appears to be contained in paragraph twenty of the complaint, which reads as follows: "The directors of Continental dominated and led by the defendant Meehan refuse to declare a just distribution out of the accumulation of earnings and surplus for the benefit of individual shareholders for the reason that Meehan's dividend in Continental would of necessity be paid over to Mills, Inc., and hence taxable to the latter before any distribution thereof to Meehan who would in turn be required to pay a tax on such dividend, thus virtually requiring the imposition of a double tax upon Meehan's dividend. That the arbitrary and stubborn conduct on the part of the defendant directors in refusing to declare an appropriate and reasonable distribution of surplus may now or in the near future expose Continental and its assets to severe penalties for permitting an unreasonable accumulation of surplus in violation of Section 102 of the United States Internal Revenue Code [26 U.S.C.A. § 102]. That in the event such penalty is imposed for violation of said Section 102 the petitioners are informed, believe and therefore aver that the same might bring about a substantial impairment in the assets of the corporation and consequent loss to all stockholders."

At the conclusion of the complaint, as amended, plaintiffs pray this Court to order the members of the Board of Directors to declare, or the corporation to make, "a distribution to stockholders out of the surplus of the corporation assets in such amount as in the judgment of the Court will not impair the reasonable needs of the corporation for its operations and activities." Other requested relief need not be discussed in detail at this time.

█ The substantive law to be applied by this Court, where jurisdiction rests on diversity of citizenship, is the law which would be applied by the Courts of the State of Maine. Erie Railroad Co. v. Thompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188. The Maine Courts would apply Maine law to a case involving the internal affairs of a corporation chartered in Maine. Cf. Franklin Co. v. Lewiston Institution for Savings, 1877, 68 Me. 43, 44, 45.

█ The general rule to be applied in the present case is that stated by the Su-

preme Judicial Court of Maine in Belfast & Moosehead Lake R. Co. v. City of Belfast, 1885, 77 Me. 445, 454, 1 A. 362, 366: "As a general rule the officers of a corporation are the sole judges as to the propriety of declaring dividends, and the courts will not interfere with a proper exercise of their discretion. The company usually establishes its financial policy for itself. Yet when the right to a dividend is clear, and there are funds from which it can properly be made, a court of equity will interfere to compel the company to declare it. Directors are not allowed to use their power illegally, wantonly, or oppressively."

Belfast & Moosehead Lake R. Co. v. City of Belfast involved the payment of dividends on preferred stock in accordance with the contract between the corporation and the preferred stockholders. See also Hazeltine v. Belfast & M. L. Railroad Co., 1887, 79 Me. 411, 10 A. 328; Spear v. Rockland-Rockport Lime Company, 1915, 113 Me. 285, 93 A. 754, 6 A.L.R. 793; and New England Trust Co. v. Penobscot Chemical Fibre Co., 1946, 142 Me. 286, 50 A.2d 188, all of which cases involve dividends on preferred stock, where the quoted rule is applied.

This Court is of the opinion that in a proper case the Maine courts would grant relief to minority holders of common stock. See Camden Land Co. v. Lewis, 1905, 101 Me. 78, 101, 63 A. 523, 533, where the court makes the following observation: "There is no doubt that the arm of the court in equity is long enough to reach and undo any such ratification which appears to be fraudulent as against the minority stockholders, and that the court will interfere when such action by the stockholders is so detrimental to the interests of the corporation itself as to lead to the necessary inference that the interests of the majority stockholders lie wholly outside of and in opposition to the interests of the corporation and of the minority of the shareholders, and that their action is a wanton or fraudulent destruction of the rights of such minority."

See also Ulmer v. Maine Real Estate Co., 1899, 93 Me. 324, 327, 45 A. 40; Hyams v. Old Dominion Co., 1915, 113 Me. 294, 307, 93 A. 747, L.R.A.1915D, 1128.

The Maine Court, in Spear v. Rockland-Rockport Lime Company, supra, 113 Me. 285, 93 A. 754, 6 A.L.R. 793, denied the petition of certain holders of preferred stock for a court-compelled dividend. But the language of the court in that case does not foreclose the granting of equitable relief in a proper case to minority holders of common stock, 113 Me. at page 288, 93 A. at page 756: "But even as to a preferred stockholder, unless his contract otherwise provides or requires, the profits or net earnings may be allowed to accumulate, and remain invested in the business. The officers of a corporation are invested with a discretionary power with regard to the time and manner of distributing its profits. *They may use the profits for the development of the company's business so long as they do not abuse their discretionary power,* or violate the charter, or the contracts made, as to profits, with particular classes of stockholders." (Emphasis added.)

In the opinion of this Court, the allegations in the complaint are sufficiently definite in asserting that the Board of Directors of Continental were improperly influenced by the owner of the majority stock interest in Continental, and that they wrongfully refused to declare dividends from available funds in the possession of the corporation, for reasons not related to the conduct of the corporation's business, to the detriment of plaintiffs and all other minority stockholders. In the opinion of this Court, the complaint states a cause for relief in equity, and this Court will not dismiss the case on the first ground alleged in support of the present motion.

### Indispensable Parties.

It is contended, in support of this motion, that even if the case shows grounds for intervention by a court of equity, still this Court lacks the power to consider the case, for the reason that indispensable parties are not before it, and any decree which this Court might address to the defendants now before it would be a futile gesture. This Court does not agree with that contention.

■ The corporation is an indispensable party to an action to compel the issuance of dividends on corporate stock, since it is the corporation's money which is to be paid out on the order of the court. Tower Hill Connellsville Coke Co. of West Virginia v. Piedmont Coal Co., 4 Cir., 1929, 33 F.2d 703, 706. Continental is before this Court. Defendants do not disclose that Continental could be served in the jurisdiction of any court outside the State of Maine.

There is no single State of which all or a majority of the directors of Continental are citizens. Two of the directors are citizens of Maine, and are before this Court. Two of the directors are citizens of Rhode Island. One of the Rhode Island directors has not been found for service; the other was served, but has exercised his right to claim dismissal for lack of proper venue and for insufficient service. The fifth director is a citizen of Massachusetts, and was not named a party.

■ Should this Court adopt the rule of law urged by the defendants, that is, that a majority of the directors are indispensable parties to the present action, then the allegedly indispensable defendants have it completely within their power to avoid answering the allegations of the complaint at bar, in any court, anywhere. As previously noted, the complaint at bar states a cause of action cognizable by a Maine Court of Equity. It would be doing inequity, rather than equity, for this Court to adopt a rule which would, for all practical purposes, deny to plaintiffs a hearing in any court in the land, unless the defendants charged with the wrongdoing should voluntarily, submit themselves to the jurisdiction of such court. This Court will not reach such an inequitable conclusion unless plainly compelled to do so by the full force of the applicable law.

■ The decision of the question relating to indispensable parties to a proceeding in equity raises questions of substantive law, affecting the rights of all those persons who are allegedly indispensable parties. Kroese v. General Steel Casting Corp., 3 Cir., 1950, 179 F.2d 760, certiorari denied, 1950, 339 U.S. 983, 70 S.Ct. 1026. Since the jurisdiction of this Court in the present case is grounded on the diversity of citizenship of the parties, the question of indispensable parties is to be decided according to the law which would be applied by the State Courts of Maine in a similar case. Erie Railroad Co. v. Tompkins, supra, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

Tower Hill Connellsville Coke Co. v. Piedmont Coal Co., supra, has been cited by defendants for its holding that corporate directors, as well as the corporation itself, were indispensable parties to a proceeding to compel the payment of a dividend. That case was decided in 1929, prior to the enunciation of the doctrine of Erie Railroad Co. v. Tompkins in 1938, 58 S.Ct. 817, and is therefore not controlling authority in the case at bar. This Court notes, in that case, moreover, a real determination on the part of the Circuit Court of Appeals to see that equity was done, and to find a way of protecting the interests of the plaintiffs which did not require the presence in Court of the directors in question.

At the outset, in considering the application of Maine law to the case at bar, the defendants have suggested that this case is one for the State Courts of Maine to pass upon, and that this Court should not consider it. However, assuming the correctness of defendant's position, that a majority of the directors are indispensable parties, the State Courts would necessarily find the absence of indispensable parties an unsurpassable obstacle to consideration of the case. On the other hand, if the State Courts of Maine would have jurisdiction of this proceeding, then this Court also has jurisdiction. The issue, squarely presented, is whether the State Courts of Maine would take that jurisdiction, if they, instead of this Court, were presented with the questions in issue here.

This Court has been referred to section 38 of the Maine corporation statute, Rev. Stats.1944, ch. 49, sec. 38, which provides as follows: "Sec. 38. Dividends of profit may be made by the directors, but the capital shall not thereby be reduced until all debts due from the corporation are paid. Any officer or member, who votes or aids

to make a dividend in violation hereof, shall be punished by a fine of not more than $2,000, and by imprisonment for less than 1 year; and all sums received for such dividends may be recovered by any creditor of the corporation in an action on the case."

There are no Maine cases construing that statute with respect to the question before this Court. This Court reads the first sentence of the statute to provide (1) that directors may declare dividends, (2) that dividends may be declared only from profits, and (3) that capital may not be impaired by dividends until all debts are paid. That the statute does not oust the jurisdiction of a court of equity to require the declaration of dividends in a proper case is evident from the opinions in Maine cases where that authority has been invoked, Belfast & Moosehead Lake R. R. v. City of Belfast, supra, 77 Me. 445, 1 A. 362; Hazeltine v. Belfast & M. L. Railroad Co., supra, 79 Me. 411, 10 A. 328; Spear v. Rockland-Rockport Lime Company, supra, 113 Me. 285, 93 A. 754; New England Trust Co. v. Fibre Co., supra, 142 Me. 286, 50 A.2d 188. When a court of equity orders a dividend, "the court is declaring rights protected by a rule of law, not calling upon the directors to exercise judgment." Kroese v. General Steel Castings Corp., supra, 179 F.2d at pages 763–764. An equity proceeding for the declaration of a dividend, therefore, may be outside the scope of that portion of section 38 which provides that "Dividends of profit may be made by the directors * * *." The statute does not expressly say that dividends may *not* be made except by the directors. Statements quoted by the defendants from various Maine cases, to the effect that the directors declare dividends, are no more conclusive than is the statute itself on the question whether a majority of the Board of Directors are indispensable parties to the present action. This Court considers that the statute is not conclusive of the question raised in the case at bar. We must look further.

The precise question raised here was not presented to the Supreme Judicial Court of Maine in any of the four cited cases involving dividends, since, in each of those cases, the corporate directors were made parties to the proceeding.

Plaintiffs point out that the Maine Court, in Smith v. Poor, 1855, 40 Me. 415, observes by way of dictum, at pages 422–423, that, "if dividends are illegally withheld, the remedy of the party aggrieved is by a suit against the corporation, and not against its officers." The court there cites, as authority for this statement, French v. Fuller, 1839, 23 Pick., Mass., 108. French v. Fuller was an action at law by a stockholder against a corporate officer to recover a *declared dividend* which the officer was withholding. There is a wide difference between a declared dividend, which is a legal obligation of the corporation to its stockholders, and an undeclared dividend, to which the stockholders ordinarily have no claim, absent a showing of abuse so flagrant as to warrant the intervention of a court of equity. This Court considers that the quoted dictum from Smith v. Poor has reference only to the situation with respect to a declared dividend, and is not helpful here.

Nor is this Court persuaded by defendants' argument that the Maine Court took a stand on the question at bar, in Hazeltine v. Belfast & M. L. Railroad Co., supra, 79 Me. at page 422, 10 A. 328, in its discussion of Karnes v. Rochester & G. V. Railway Co., Sup.Ct.Sp.T.N.Y.1867, 4 Abb.Pr. N.S. 107, a lower court case from New York. The Maine Court referred to that case only to distinguish it from the case then before the court. One of a number of grounds of distinction was that in the New York case "the corporation could make no dividends and the directors were not a party to the bill." The Maine Court did not discuss the matter further. We are not told what were the provisions of statute or charter with respect to dividends in the Karnes case; and there is no indication that the directors were unavailable for service in that case, making necessary a decision of the question raised before this Court in the case at bar.

This Court has not been able to find any Maine case which clearly indicates the decision a Maine Court might reach on the question of jurisdiction of a bill in equity

where a majority of the corporate directors could not be brought before it, except with their own consent.

Nevertheless, the following discussion of the topic of indispensable parties by the Maine Court in Lawrence v. Rokes, 1865, 53 Me. 110, at pages 113 and 114, is indicative of the intention of that Court to forego technicalities whenever possible, and to render substantial justice to the party seeking and entitled to receive it:

"When it is certain, by the fair construction of the bill itself, or becomes so at the hearing, or in any stage of the proceedings, that the judgment or decree must necessarily be directly against the absent defendants, and that no judgment or decree can be made against the party before the Court, without embracing the absent, and binding them or property in which they have an interest, the hearing cannot ordinarily proceed without them. As where the bill seeks for a decree for the sale or disposition of property in which all have a certain interest or ownership, or where it seeks for the dissolution of a co-partnership, or the specific performance of a contract, which can only be performed jointly by all; and other similar cases.

"But if the bill only seeks a remedy and decree against the defendant who appears, or is within the jurisdiction, and such judgment or decree will not bind the absent, and cannot be enforced here or elsewhere against them or their property or rights, but leaves, as to them, all questions open, then, although they would have an interest in the question, if before the Court, and a decree might be made against them, yet, not being, the cause may be heard and a decree may be made, affecting, legally or equitably, only the party before the Court. And we think this may be done, although it is apparent that it would be more satisfactory to the Court to have all the parties connected with the matter before them, and their joinder would be required, if they were within the jurisdiction of the Court. The Court will not deny justice to a party seeking it, unless it is compelled to give a judgment or issue a decree which must bind others who are not before the Court, and have not been heard, or had an opportunity to be heard."

Accord, Waterman v. Canal-Louisiana Bank & Trust Co., 1909, 215 U.S. 33, at page 49, 30 S.Ct. 10, 54 L.Ed. 80. See Rule 19(b), Federal Rules of Civil Procedure.

Lawrence v. Rokes was a case involving the dissolution of a partnership, and the complaint demanded an accounting from each of the four individual defendants (partners), three of whom were beyond the reach of the Court. Using the quoted language, the Court took jurisdiction of the case against the one resident defendant and allowed relief as to him. That case is distinguishable from the present one on its facts. Nevertheless, the final sentence quoted above from that case, included by way of dictum, gives some indication of the position which the Maine Court would take in consideration of the problem with which this Court is confronted.

The subject matter to which the present case relates is the proper treatment of certain corporate assets of Continental, which are within the State of Maine, and within the reach of this Court. This Court has not been asked to issue any decree adversely affecting the directors in their individual capacity. Only Continental would be affected by a decree of this Court ordering a dividend as prayed for. The corporation is subject to the jurisdiction of this Court, and its interests are ably represented by counsel.

Defendants urge that the directors are indispensable parties, not because of any personal interest they may have in the outcome of the case, but because they, as directors, have responsibility for the management of the corporation, and discretion with respect to the issuance and withholding of dividends.

This Court does not question the responsibility which the directors normally bear in the matter of issuance of dividends. But this Court adopts the reasoning of the Court of Appeals for the Third Circuit in Kroese v. General Steel Castings Corporation, supra, 179 F.2d at pages 763 and 764, as follows:

"It is to be observed that when a court steps in and orders the payment of a dividend, the corporate affairs have reached the point where the judgment of the directors is no longer controlling. The set of facts presented is such that the court substitutes its judgment, based on a rule of law, for the ordinary business judgment of those in charge of the business enterprise. * *

"In such a case, even though individual directors are joined as parties, they are not called upon to exercise any business discretion. The case has passed that point. As said before, the court is declaring rights protected by a rule of law, not calling upon the directors to exercise judgment. If formal action is to be recorded, following a court decree, on a minute book of a directors' meeting, that formal action is nothing but a ministerial act. The duty of a corporation to pay dividends then and there has been imposed by the judgment of the court, not by the ayes and nays of the members of the board. The situation becomes in substance the same as that in which any corporate creditor sues the enterprise in the corporate name to recover from it what it owes him; he does not need any meeting of the corporation's board to make his judgment good. Nor does a shareholder whose claim to dividends is based on his showing of fiduciary mismanagement need a directors' meeting to make his rights good. The judgment of a court is enough in either case. It follows that directors are not indispensable parties to a lawsuit by a defrauded shareholder to recover dividends in a proper case."

As has been noted, a majority of the directors of Continental have received notice of the present proceedings. If they desire to appear for the protection of the company, or in defense of their actions as directors, or for any other reason, they have the right to come in and be heard.

To repeat the language of Lawrence v. Rokes, supra, 53 Me. at page 114, "The court will not deny justice to a party seeking it, unless it is compelled to give a judgment or issue a decree which must bind others who are not before the court, and have not been heard, or had an opportunity to be heard."

This is not a case where justice must be denied, in accordance with the quoted rule. A majority of the directors are not indispensable parties; and this case may proceed without them. Cf. Kroese v. General Steel Castings Corp., supra, 179 F.2d 760, certiorari denied 339 U.S. 983, 70 S.Ct. 1026, (applying Delaware law in accordance with Pennsylvania conflict of laws doctrine); Swinton v. W. J. Bush & Co., Sup., 1951, 102 N.Y.S.2d 994, affirmed without opinion, 1951, 278 App.Div. 754, 103 N.Y.S. 2d 1019, discussing New York law, but applying general equity principles. But cf. Schuckman v. Rubenstein, 6 Cir., 1947, 164 F.2d 952, certiorari denied 1948, 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151 (applying Ohio law), discussed in note, 61 Harv.L. Rev. 1253.

Defendants vigorously argue that this Court lacks power to grant the relief requested against the corporation alone.

In the language of the Supreme Judicial Court of Maine, this time the words of Judge Haskell in the case of Du Puy v. Standard Mineral Co., 1895, 88 Me. 202 at pages 210 and 211, 33 A. 976 at page 977:

"The early doctrine laid down by some writers that the remedy in equity is purely personal, and that, as decrees in equity never execute themselves, it is necessary to have jurisdiction of the person in order to make decrees effectual, does not hold true in all cases, and has been very generally discarded, inasmuch as jurisdiction of the res enables the court to execute its own decrees touching it by empowering an officer of the court to transfer titles, even to real estate, by sale or other apt methods, so that the equitable interests of all concerned may be preserved, and the property applied, or distribution of the assets made, as the respective interests therein may require.

"Since the doctrine alluded to obtained, equitable interests have multiplied in the shape of liens, created by law, and of resulting trusts, and from many other methods of business that the commercial world has adopted and ingrafted upon the strict rules of the common law; so that it has become imperative that jurisdiction of the res should be sufficient to give adequate relief

in all matters where equitable interests have attached. Of course, this jurisdiction must be exercised with great prudence, and only where the court is satisfied that absent parties have knowledge of the proceeding, and have had ample opportunity to intervene and protect their rights."

Du Puy v. Standard Mineral Co. was a case involving the transfer of equitable interests in Maine real estate, and is, therefore, distinguishable from the case at bar, according to the strict or traditional principles of equity. But the conception of a right *in specific property*, like the equitable title involved in the Du Puy case, merges into the conception of a right *to demand a share of general property*, asserted by the plaintiffs in the present case.

Although, as defendants point out, the Maine Courts may lack the power to appoint a receiver for a corporation or to sequester its assets, in a case such as this, nevertheless this Court does not concede that it lacks the power to right a wrong, if a wrong is shown to exist. The remedy afforded *in equity by the Du Puy case is* equally available for the protection of the rights of plaintiffs here. This Court's jurisdiction of Continental is sufficient to sustain adequate relief in the case at bar, if cause for relief is proved.

In the event that this Court should find on the merits that plaintiffs are entitled to a decree ordering Continental to pay a dividend on its common stock, and in the event that the directors of Continental Mills should not, within a reasonable time thereafter, declare a dividend in conformity with the order of this Court, the plaintiffs may come into Court with a motion stating the facts and asking appropriate relief. Upon finding that the facts alleged are true, this Court has the power to take steps, in accordance with the tenor of the quoted portion of Du Puy v. Standard Mineral Co., supra, to vest in the plaintiffs and other common stockholders of Continental a right, enforceable at law, to whatever dividend has been ordered. See Smith v. Poor, supra, 40 Me. 415.

It may be repeated here, for the sake of emphasis, that at the present stage of the proceedings this Court is offering no opinion on the merits of plaintiffs' case.

For the reasons stated, it is Ordered, Adjudged and Decreed, that the motion to dismiss be and hereby is

Denied.