KING, Sheriff, etc., *v.* DUNDEE MORTGAGE & TRUST INVESTMEMT Co., Limited.

*(Circuit Court, D. Oregon. July 3, 1886.)*

1. EQUITY—BILL OF REVIEW—PARTIES.
    Where the defendants in a decree were not necessary parties to the suit, one or more of them may maintain a bill of review to reverse the same without making the co-defendants parties thereto.
2. SAME—DECREE IN UNITED STATES CIRCUIT COURT—BILL OF REVIEW.
    A decree of the United States circuit court will not be reversed, on a bill of review therein, because in the mean time the state court has put a construction on a clause of the state constitution contrary to that of the circuit court in making said decree.

Bill of Review.
*James F. Watson,* for plaintiffs.
*William H. Effinger,* for defendants.

DEADY, J. This is a bill of review, brought to reverse a decree given by this court on September 4, 1884, in a suit wherein the defendant herein was the plaintiff, and the plaintiffs herein and sundry others were the defendants. The original suit was brought to restrain the plaintiffs herein, Sol King, as sheriff of Benton county, and

I. R. Campbell, as sheriff of Lane county, and others, from collecting certain taxes theretofore levied by said counties and others, respectively, on certain mortgages of real property held and owned by the plaintiff therein, as security for money loaned to the parties executing the same, under the act of the legislative assembly approved October 26, 1882, and commonly called the "mortgage tax law," on the ground that the same was void and of no effect for reasons therein stated. On a demurrer to the bill the court held that the act was unconstitutional and void, and overruled the demurrer; and, on the failure of the defendants to answer the bill within the time allowed therefor, the court gave a final decree, perpetually enjoining the plaintiffs herein and their co-defendants from collecting, or attempting to collect, said taxes, amounting in the case of Benton county to $873.20, and in the case of Lane county to $884.75.

The bill alleges that the decree is manifestly erroneous in this: The court erred in overruling the demurrer to the bill, and in enjoining the defendants therein, and in requiring them to pay the plaintiff's costs and disbursements.

The mortgage tax law provided that mortgages on land in no more than one county should be assessed and taxed as land. The court held the act unconstitutional for want of uniformity, and because the same is special; or, as stated in the syllabus of the case, (10 Sawy. 52; 19 Fed. Rep. 359:)

"An act which provides for the taxation of mortgages on land in no more than one county, there being mortgages on land in more than one county, is void for want of the uniformity required by section 1 of article 9 of the constitution of the state; and also because it is contrary to section 23 of article 4 of said constitution, which forbids special legislation on that subject."

In October, 1884, the supreme court of the state in *Crawford* v. *Linn Co.*, 11 Or. 482, S. C. 5 Pac. Rep. 738, decided that the mortgage tax law was not unconstitutional for want of uniformity, because a two-county mortgage, though exempt from its operation, was taxed as a solvent debt, under the old law, in the county where the creditor resided; and that said law, although operating only in particular cases, was not a special one, because under section 27 of article 4 of the constitution, which declares: "Every statute shall be considered a public law, unless otherwise declared in the statute itself,"—it is a public one, and therefore a general one.

The defendant demurs to the bill for the non-joinder of the co-defendants of the plaintiffs herein, in the original suit, and that there is no error in the record cognizable or relievable in this suit.

The objection that all the defendants in the original suit ought to have been made parties plaintiff in this is not well taken. It is questionable whether the plaintiff had a right to join the several parties as defendants in the original bill as it did. At most, they were only proper parties, but not necessary ones. The interest of these several counties and school-districts was separate and distinct, and the only

thing in common between them was the question of the validity of the law under which they claimed the right to collect the several taxes levied by them. So, here, the interest of these plaintiffs in the operation of this decree, and its reversal, is distinct and separate from their co-defendants therein, and they may maintain this suit without making them parties thereto.

And now, under the circumstances, ought this decree to be reversed. There is no error apparent on the face of the record, and the suggestion of error is based wholly on the difference between the judgment of the court in the case and that in *Crawford* v. *Linn Co.* Without stopping to consider which of these decisions is nearest right, or most reasonable, and admitting that this court ought to follow the construction given to the constitution of the state by its own courts in this matter, is it under any obligation to reverse a decision heretofore made by it simply because it does not conform to a subsequent ruling of the state court?

When this decree was made this court followed the rulings of the state court on all the points in the case concerning which the oracle had then spoken. But whether the act was passed in violation of section 1 of article 9 of the constitution, which requires the legislative assembly to "provide by law for uniform and equal rate of assessment and taxation," or in violation of section 23 of article 4 thereof, which forbids the passage of "special or local laws" "for the assessment and collection of taxes," had not then been considered by the state court. Under the circumstances, it was the right and duty of this court to decide these questions for itself, and according to the light then vouchsafed it. If the decree is erroneous, compared with the constitution and law of the state as then construed and understood, it ought to be reversed, otherwise not. While the national courts are bound to *follow* the settled construction given by the local court to the state constitution, I am not aware of any rule of law, or consideration of public policy, convenience, or comity, that requires the former *to go back*, and change its judgments or decrees to make them conform to the subsequent rulings of the latter. When this decree was made, it was in strict conformity with the settled construction given to the state constitution by the state court, so far as the latter had gone, and this was all that could have been required.

It may be said that the decision of the state court in *Crawford* v. *Linn Co.* did not change the law or legal significance of the constitution, but only declared what it was, as well when this decree was given as since. But suppose this court in making this decree had followed a prior decision of the state court, and afterwards the latter had changed front on the question; and that this is a supposable case,—is common knowledge,—because the like, at least sometimes, happens; would this court be bound, on a bill of review, to reverse its decree, made in conformity with the constitution of the state as then expounded by the state tribunal, because the latter had since

seen proper to give that instrument a different construction? Certainly not; and, if not, why? Because the decree was, so far as could be known, confessedly right when made, and could not become erroneous by a change in the subsequent rulings of the state court. Substantially, the case under consideration is in a like condition. In the absence of any construction of the state constitution in the particulars in question, it was, as I have said, the right and duty of this court to construe it, *pro re nata*, for itself. In that ruling, judged by the then existing exposition of that instrument, there is, in my judgment, no error; and the subsequent contrary ruling of the state court in *Crawford* v. *Linn Co.*, although a guide to this court in future cases, cannot operate retroactively, and make a decree erroneous which was originally valid.

The demurrer is sustained, and the bill dismissed.