## HENDRYX et al. v. PERKINS.

(Circuit Court of Appeals, First Circuit. May 15, 1903.)

### No. 378.

1. APPEAL—FINDINGS OF FACT—CONCLUSIVENESS.
     Rev. St. § 1012 [U. S. Comp. St. 1901, p. 716], providing that appeals "shall be subject to the same rules, regulations, and restrictions as are or may be prescribed in law in cases of writs of error," does not have the effect of making a finding and statement of facts by a Circuit Court in an equity cause conclusive on the appellate court.

·2. SAME.
> A mere opinion expressed by a circuit judge upon a question of fact in an equity case is not a finding of facts.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

On motion to recall mandate.

Lauriston L. Scaife (William L. Bennett and Charles M. Reed, ·on the brief), for appellants.

John M. Perkins, pro se.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

PUTNAM, Circuit Judge. After a full argument on the merits, and a careful consideration of this case, judgment was rendered against the appellee at the October term, 1901, 114 Fed. 801, 52 C. C. A. 435. On April 29, 1902, during the same term, the appellee moved for leave to file a petition for a rehearing, which we carefully examined, and denied in an opinion passed down on June 10, 1902, 52 C. C. A. 684, 116 Fed. 1020, but without stating therein any reasons therefor. Thereupon a mandate was ordered. Afterwards, on September 19, 1902, which was before our October term, 1901, expired, the appellee filed in the Supreme Court a petition for a writ of certiorari, which has been denied during this term. We granted the appellee leave, on March 10, 1903, to file the petition now before us for recalling the mandate. As merely recalling the mandate does not go to the substance of anything, we assume that the petition looks to a rehearing, and that that is the substance of it. It is useless to recall a mandate unless something would thereby be gained on a rehearing.

Although the term at which the mandate was ordered expired in October, 1902, it is claimed by the appellee that, in contemplation of law, the case remained under our control on the ground that the petition for a writ of certiorari operated as a stay. On the other hand, he has attached to his present petition his petition to the Supreme Court for the writ of certiorari, and his brief in support thereof, by which it appears that he therein submitted to that court considerations regarding the entire merits of the case.

Passing by the important and interesting question raised by the petitioner, whether the petition for writ of certiorari operated to hold the case under our hand notwithstanding the expiration of the term at which the mandate was ordered, and also passing by the other important and interesting question whether we should reopen a case which has been presented to the Supreme Court on a petition for certiorari involving the merits, as in this instance, both of which questions we have considered in an opinion passed down by us on May 1st in Burget v. Robinson, 123 Fed. 262, we will proceed to examine the alleged new matter now suggested. This is, in substance, that "the finding and statement of facts by the Circuit Court" in the ·case before us is conclusive on us, notwithstanding this is an appeal in a cause in equity, and not a writ of error to a common-law judgment. The appellee, petitioner, has cited many cases which he main-

tains sustain this proposition, and he, also, has referred us to section 1012 of the Revised Statutes [U. S. Comp. St. 1901, p. 716], as follows:

"Appeals from the Circuit Courts and District Courts acting as Circuit Courts, and from District Courts in prize cases, shall be subject to the same rules, regulations, and restrictions as are or may be prescribed in law in cases of writs of error."

The cases he cites, however, state only the rule on writs of error, barring some exceptions where some statute has made special provision for appeals. For us to admit his proposition, and to give effect to his construction of section 1012 of the Revised Statutes, would clearly reverse the rules of procedure in the federal courts from the time of the judiciary act of 1789; and this could not possibly be permitted.

It may be well to state here that the law is thoroughly settled that a mere opinion of a judge in the Circuit Court in an equity case is not a "finding and statement of facts." This has been very lately said by the Supreme Court in Finney v. Guy, in an opinion passed down on April 6, 1903, 23 Sup. Ct. 558, in the following language:

"No such issue was involved in the Hanson Case, and the opinion regarding such question is only the opinion of the very able judge who gave it upon an abstract proposition, as distinguished from an adjudication upon a point actually in issue."

In the present case, however, as fully explained in our prior opinions, the decree of the Circuit Court appealed from necessarily implied a finding of facts, though not the fact of a mistake suggested by the opinion of the learned Circuit Judge. Therefore, the appellee's proposition in his present petition is in point in this particular case, although met in the way we have already stated.

This disposes of all judicial aspects. Whatever we have decided with reference to the case has been on it as made by the record, which we have held discloses an original bill to impeach a decree on the ground of fraud. While a consideration of this question necessarily called out several propositions which may lead to the conclusion that the complainant below, now the appellee, is entitled to no relief whatever, yet it must not be assumed that we have so decided. In other words, we have not judicially considered whether he could proceed by a summary petition, or by any method which would claim that the proceedings below on the original bill were void for mistake on the part of either himself or the court, if there was any. As to all such considerations we express no opinion, except as necessarily involved in the questions judicially before us in the manner we have already stated.

Between the Supreme Court and this court, we are of the opinion that every question which the appellee can raise on this record has been met and disposed of; and we therefore must suggest to him that we can consider no further applications with reference to this appeal.

The petition filed by the appellee on March 10, 1903, is dismissed.

ALDRICH, District Judge, takes no part in this decision.