PERKINS v. HENDRYX et al.

(Circuit Court, D. Massachusetts. January 29, 1904.)

No. 1,752.

1. BILL OF REVIEW—PARTNERSHIP—DISSOLUTION—DEATH OF PARTNER—PARTIES.

Where an original bill in equity was brought against a firm, and after decree dismissing the bill the firm was dissolved by the death of a nonresident partner, the personal representatives of such partner, who were not within the jurisdiction of the court, were not indispensable parties to a bill of review.

In Equity.

John McC. Perkins, for plaintiff.
L. L. Scaife, W. L. Bennett, and C. M. Reed, for defendants.

COLT, Circuit Judge. This case was heard on defendants' plea to a bill of review. The original bill was brought against the firm of Andrew B. Hendryx & Co. upon a partnership obligation. After entry of decree dismissing the bill, and before filing the bill of review, one of the partners died. At the time of his death he resided in Connecticut, and administrators upon his estate have been appointed in that jurisdiction. It is impossible to make these administrators parties to the bill of review, first, because they are not amenable to the process of this court; and, second, because, as a general rule, administrators cannot either sue or be sued outside of the state from which they derive their authority. Mellus v. Thompson, 1 Cliff. 125, 127, 134, Fed. Cas. No. 9,405; Aspden v. Nixon, 4 How. 467, 11 L. Ed. 1059; Lawrence v. Nelson, 143 U. S. 215, 222, 12 Sup. Ct. 440, 36 L. Ed. 130.

The question raised by the plea is whether a bill of review can be brought against the surviving partners, or whether it must of necessity be dismissed on the ground that the administrators are indispensable parties, although it is impossible to make them parties, under the rule that all the parties to the original decree are indispensable parties to a bill of review. We have found no case in which the rule has been held to apply to a similar state of facts. This rule is founded on the familiar doctrine that a court can only judge and decide between the parties who are actually before it. A decree cannot be entered against a party who is not before the court, and a decree in favor of a party cannot be set aside to his prejudice, in his absence, or in the absence of his representatives. This is elementary law, resting on a principle of natural justice. It calls for no citation of authority. The question presented by the plea, however, is not whether the court has power to set aside the decree in favor of the deceased partner in the absence of his representatives, but whether, allowing the decree to stand as to him, the court can, upon proper grounds, vacate the decree as to the surviving partners who are within its jurisdiction and can be heard. If this can be done with substantial justice to the parties before the court, and without injuriously affecting the interests of the estate of the deceased partner, there is manifestly no

reason for dismissing the bill of review for want of an indispensable party. To construe the rule as meaning that in every case all the parties to the original decree must be joined in a bill of review, finds no justification in the principle upon which it is founded, or in the authorities cited in support of it. The obvious intention of the rule is that all those parties to the original decree whose rights would be prejudiced by setting it aside in whole or in part must be made parties to the bill of review. Accordingly, it has been held that one of the defendants to the original decree may maintain a bill of review to reverse the decree without making the codefendants parties, where the interests of the defendants are separate. King v. Dundee Mortgage & Trust Company (C. C.) 28 Fed. 33–35.

There is no rigid and inflexible rule respecting necessary or indispensable parties to a bill in equity or a bill of review. A full and philosophical discussion of this subject is found in Story's Equity Pleading (10th Ed.) §§ 76c, 77–79. The whole matter is largely one of convenience, and the rule is not to be so applied as to defeat the purposes of justice. The question in each case resolves itself into the inquiry whether the court can proceed to a decree, and, as a necessary corollary, to vacate a decree, without prejudice to the rights and interests of a person or party who is not before the court. This is especially true where the circumstances of the case render the application of the general rule as to parties wholly impracticable. Where a person is without the jurisdiction of the court, and cannot be reached by its process, this of itself is sufficient ground for dispensing with his being made a party, and the court will proceed to a decree without him. In a bill against a partnership, if one of the partners be resident in a foreign country, so that he cannot be served with process, the court will proceed to make a decree against the partners who have been served with process, and who are within its jurisdiction, if it can be done without manifest injustice to the absent partner; and this exception to the general rule is peculiarly applicable to the federal courts. Story's Equity Pleading, §§ 78, 79. Ever since the decision by Lord Hardwicke, in 1742, in Darwent v. Walton, the courts have held that a partner who is abroad, and cannot be made a party, is not an indispensable party to a bill in equity brought against the partnership. 2 Atk. 510. And the same reasoning applies to a bill of review. Again, it is said to be the more reasonable rule that in any suit in equity between partners and third persons it is unnecessary to join the representatives of a deceased partner, and, upon the same principle, when one partner dies pending suit, the action may proceed against the survivors without a bill of revivor. 15 Enc. Pl. & Pr. 991; Parsons on Partnership (4th Ed.) § 249, p. 333; Robertshaw v. Hanway, 52 Miss. 713, 716, 717; Dunman v. Coleman, 59 Tex. 199; Hammond v. St. John, 4 Yerg. 107. From the very nature of a partnership, which for most legal purposes is a separate entity, the surviving partners, on the death of a partner, represent the firm. Upon them devolve the partnership rights, liabilities, and duties. The personal estate and assets of the partnership, including debts and choses in action, pass to them. Parsons on Partnership, § 344. In the case at bar, when Hotchkiss, one of the partners, died, the personal assets

and liabilities of the firm passed to the defendants who are before the court. The original bill seeks to charge these partnership assets with a partnership liability. Presumably these assets in the hands of the defendants will prove sufficient to meet all the partnership obligations, and in that event the administrators of Hotchkiss are not necessary parties to the bill of review, since the interests of the estate they represent could be in no way prejudiced by vacating the original decree in whole or in part. There is therefore no good reason why the bill of review should not proceed against these defendants; nor why the original decree, upon proper cause shown, should not be set aside as to them.

If, subsequently, in the course of these proceedings, it should appear that the partnership assets are insufficient to meet the complainant's claim, and it is sought to hold the individual property of the defendants liable, the question may properly arise whether the cause can proceed further in the absence of the representatives of the deceased partner. This contingency, however, may never present itself, and the suggestion of its possibility should not deprive the complainant of the right to bring this bill of review in a case where the original bill seeks to charge partnership assets with a partnership liability. To hold otherwise would be to decide, in effect, that in any case against a partnership upon a partnership obligation, where it had obtained a decree through fraud, accident, or mistake, and one of the partners to the decree happens to reside or to keep himself beyond the jurisdiction of the court, a bill of review will not lie against the other partners, although it may appear that the firm property is amply sufficient to meet the claim made in the original bill.

For these reasons, the plea must be overruled.