### PERKINS v. HENDRYX et al.

(Circuit Court, D. Massachusetts. December 11, 1906.)

No. 1,752.

1. EQUITY—BILL OF REVIEW AGAINST PARTNERS—NECESSARY PARTIES.

To a bill in equity in the nature of a bill of review to vacate a decree in favor of a partnership, where the partnership has been dissolved and one of the partners has died since the decree was entered, his administrators are substantial, but not necessary, parties, and where they cannot be brought in because out of the jurisdiction the court will not for that reason dismiss the bill, but will permit the suit to proceed against the other partners.

2. SAME—VACATION OF DECREE—MISTAKE.

A decree in equity dismissing a bill, entered by mistake on bill and answer, when, in fact, the case had not been set down for hearing on bill and answer, was without jurisdiction and void, and the complainant is entitled to have the same vacated on the filing of a bill in the nature of a bill of review, and to a hearing on the merits without regard to the lapse of time, where there has not been such laches on his part as to debar him from such relief.

In Equity.

John Mc C. Perkins, pro se.

L. L. Scaife and Dwight L. Fullerton, for defendants.

HALE, District Judge. This is a bill in equity in the nature of a bill of review. The original case was heard on bill and answer. On March

31, 1888, a decree was entered dismissing the bill. The complainant now seeks to have that decree vacated, upon the ground that the court was without jurisdiction to make the decree, for the reason that the case was, in fact, never set down for hearing on bill and answer. The present bill sets out all the material proceedings upon the original bill down to July 21, 1885, with copies of the pleadings and docket entries attached and made a part of the bill. Among these entries is the following:

"July 21, 1885, answer to bill amended so as to become a bill for relief, filed. Heard before Colt, J., on bill and answer."

The bill sets out the full decree dismissing the bill. The bill, among other things, contains this prayer:

"Your complainant prays that the decree of dismissal of March 31, 1888, may be set aside and vacated because the court had no jurisdiction to entertain the submission on the bill and answer of July 21, 1885."

The theory of the complainant is that the court was absolutely without power to hear and determine the case on the bill and answer, in the absence of a submission; that all proceedings subsequent to such determination of the case were null and void; that the decree entered on March 31, 1888, was not merely voidable, but absolutely void; and that no lapse of time can give effect to a void decree.

1. The respondents urge that the bill should be dismissed for want of necessary parties. The bill alleges the defendants to be as follows:

"Andrew B. Hendryx, a citizen of New Haven, in the state of Connecticut, and Nathan S. Johnson, a citizen of Waverly, in the state of New York, the surviving members of the firm of Andrew B. Hendryx & Co., formerly doing business in New Haven, Conn., Lockwood Hotchkiss, the third member of the firm of Andrew B. Hendryx & Co., the original defendants in this suit, having deceased on January 31, 1903, in Derby, Conn."

The defendants now say that the bill should be dismissed, because the administrators of the deceased partner, Hotchkiss, are indispensable parties. The question is whether this bill of review can be brought against the surviving partners alone, or whether it must be dismissed on the ground that the administrators of the deceased partner are necessary parties; Lockwood Hotchkiss, now deceased, having been a party to the original suit. It is impossible actually to make these administrators parties, because they cannot be reached by the process of this court, and also because, as it is urged, administrators cannot either sue or be sued outside of the state from which they derive their authority. This point was raised by the defendants' plea and was heard by the Circuit Court. In January, 1904, in a very clear and ample opinion (127 Fed. 448) the court overruled the plea of the defendants, and said:

"There is therefore no good reason why the bill of review should not proceed against these defendants, nor why the original decree, upon proper cause shown, should not be set aside as to them. If subsequently, in the course of these proceedings, it should appear that the partnership assets are insufficient to meet the complainant's claim, and it is sought to hold the individual property of the defendants liable, the question may properly arise whether the cause can proceed further in the absence of the representatives of the deceased partner."

Defendants now claim that they have shown by testimony that the firm was dissolved and its affairs settled before the death of Hotchkiss, and that it follows, if the present defendants are held liable, that they must respond out of their individual property. Upon a careful examination of the record I do not find any affirmative evidence proving the facts claimed by the defendants; but, even if such facts were shown, the court is of the opinion that such facts would go no further than to show that the administrators of the estate of the deceased defendant are interested and "substantial" parties, but not necessary and indispensable parties.

In Barney v. Baltimore City, 6 Wall. 280, 18 L. Ed. 825, in speaking for the Supreme Court, Mr. Justice Miller enumerates the three classes of parties which courts in chancery have recognized, namely, formal, substantial, and necessary parties. He says further:

"The learning on the subject of parties to suits in chancery is copious, and within a limited extent. The principles which govern their introduction are flexible."

Necessary parties are those whose absence would leave the controversy in such a condition that its final determination would be impossible, or highly inconsistent with equity and good conscience. I think that these administrators are parties who are clearly within the definition of "substantial parties." They are parties who would have an interest in the result and ought to be joined if they were within the jurisdiction; but their interests are separable from those of the other defendants. Their absence does not prevent equity from being done to the other defendants.

In Daniell's Chancery Pleading & Practice, vol. 1, § 150, Lord Redesdale's language is cited:

"When a person who ought to be a party is out of the jurisdiction of the court, that fact, being stated in the bill, and admitted by the defendants, or proved at the hearing, is, in most cases, a sufficient reason for not bringing him before the court; and the court will proceed, without him, against the other parties, as far as circumstances will permit."

The text-writer cites a long line of authorities sustaining this proposition.

In Cockburn v. Thompson, 16 Ves. 326, Lord Eldon treats of the subject of dispensing with parties, and says:

"The same principle in a great variety of cases has obliged the court to dispense with the general rule as to persons out of its jurisdiction; and there are many instances of justice administered in this court in the absence of those, without whose presence as parties, if they were within the jurisdiction, it would not be administered, as it obviously cannot be so completely, as if all persons interested were parties, but the court does what it can."

In Lawrence v. Rokes, 53 Me. 110, a leading authority in Maine, Judge Kent says:

"Where persons not within the jurisdiction are named as parties, it may be required, before a hearing on the merits, that the court should be satisfied that the absent parties have actual knowledge of the pendency of the bill against them, and that they can, if they see fit, appear and answer, if such notice, formal or informal, can be reasonably given. But this is not absolutely essential to authorize the court to proceed with the parties before them. It is a matter in the discretion of the court in each case, depending upon its

character. * * * The Supreme Court of the United States has often considered this question of necessary parties, and has gone great lengths in sustaining bills, where all the parties could not be reached."

The court then cites numerous Supreme Court cases of this character.

In Towle v. Pierce, 12 Metc. (Mass.) 329, 332, 46 Am. Dec. 679, the Massachusetts court renders its decision on the strength of a citation from Story:

"The general rule is that to a bill against a partnership all the partners must be made parties; but if one of the partners be resident in a foreign country, so that he cannot be brought before the court, and the fact is so charged in the bill, the court will ordinarily proceed to make a decree against the partners who are within the jurisdiction, with this qualification, however, that it can be done without manifest injustice to the absent partner."

In Whitehouse's Equity Jurisdiction, Pleading & Practice in Maine, a book of real value, not only in Maine, but to the general equity student and practitioner, the author gives a valuable list of citations upon this subject, and states the rule as to substantial parties as clearly as it is stated anywhere in the text-books. He says:

"The term 'substantial parties' includes those persons who have some material or beneficial interest in the subject-matter of the suit, so that their joinder and subjection to the jurisdiction is desirable and will be required by the court when practicable, in pursuance of that rule which requires that the court shall do complete and final justice by adjusting all the rights of all parties involved in the cause, but whose interests are separable from other parties before the court, so that if it is impossible, or extremely inconvenient, to subject them to the jurisdiction, the court can proceed to a decree without them, and do final justice to the parties before it without affecting the interests of such persons as are not before it."

In 127 Fed. 448, Judge Colt decided the question of parties as it was then before him upon the plea. His reasoning and citation of authorities is entirely applicable to the question now before the court and decisive of it. The absence of these parties from the jurisdiction, and the impossibility of obtaining their presence within the jurisdiction, should not prevent the court from doing equity in this suit to the persons who are actually before it. The bill will not be dismissed for this cause.

2. The court may now proceed to the main question arising in the case. Under all the facts shown in the record, and in view of the rules that should govern courts of chancery, should the decree of dismissal of March 31, 1888, be vacated; the court having had no jurisdiction in the premises?

In 1897 a bill in equity, in the nature of a bill of review, was brought before this court by the same complainant against the same defendants, and against the defendant Hotchkiss now deceased. On that bill the complainant alleged substantially the same state of facts as are set out in the bill in equity now before the court. Among other things, he pleads that the defendants filed their answer to the bill in equity, No. 2,023, on June 29, 1885 (a copy of which answer was afterwards filed on March 31, 1887), and that the complainant submitted the case on the bill and on that answer; but that, without the knowledge of the complainant or of the court, the answer filed on June 29, 1885, was "fraudulently removed from the files of this court, and no note of the

149 F.—34

filing of said answer was made in the court docket by the then clerk of this court." In the bill of 1897 complainant rests his whole case on fraud, setting forth that the answer of June 29, 1885, was "fraudulently removed from the files of this court."

Judge Colt heard the case in the Circuit Court. In Hendryx v. Perkins, 114 Fed. 801, 52 C. C. A. 435, his decision is found. In that decision he found the facts in detail and fully stated the case. He found that no fraudulent practice of any nature whatsoever had been proven in the case. He thus stated his conclusion:

"On July 21st the defendants filed an answer to the supplemental bill for discovery and relief, and the court proceeded to a hearing on this bill and answer. This is most material. The complainant objected to any hearing upon this bill and answer, and the court had no right to set the case down for hearing, unless upon motion of the complainant or with his assent. That hearing took place under a mistake of all parties—the counsel for the complainant, because he\supposed that the case had been set down for hearing upon the bill and answer as they stood on June 29th, when it could not have been so set down under the facts as I find them; and under a mistake of the court and of the counsel for the defendants in setting the case down for hearing upon the bill and answer of July 21st. The result is that the complainant has not been allowed to make out his case. There has been no hearing upon the merits. There was a mistake of fact, for which I think the parties, the counsel, and the court were all to a certain extent responsible. The court undertook to render a decision and enter a decree upon the bill and answer filed on July 21st, which was a wrong proceeding on its part. To be sure, the complainant contended for a position which was untenable, and which helped to mislead the court; but that affords no justification of the course which was pursued. * * * Under all the circumstances I have decided to take the responsibility of allowing this case to be reheard, leaving my action to be reviewed by the appellate court. I propose, therefore, to enter an order that the final decree entered on March 31, 1888, be vacated; that the copy of the amended answer filed on the 31st day of March be treated in all respects as the amended answer to the bill for discovery, ordered by the court on June 29, 1885, and which has been lost from the files of the court; that all other opinions, motions, and orders made or entered subsequent to July 21, 1885, be vacated; and that the cause stand upon the pleadings as they appear on the 21st day of July, 1885."

From the decision of the Circuit Court an appeal was taken. In 114 Fed. 803, 52 C. C. A. 435, is found the decision of the majority of the Circuit Court of Appeals hearing the case. The decree of the Circuit Court was reversed upon the ground that the record disclosed an original bill to impeach the decree on the ground of fraud; that no fraud was found, and so it was impossible to render a judgment for the complainant. Shortly after the decision of the Circuit Court of Appeals the complainant filed in the Supreme Court a petition for a writ of certiorari, which was denied. In March, 1893, complainant filed a petition to the Circuit Court of Appeals for recalling the mandate. The court treated this petition as a petition for a rehearing, and in 123 Fed. 269, 59 C. C. A. 266, the court denied the petition, and, among other things, said:

"Whatever we have decided with reference to the case has been on it as made by the record, which we have held discloses an original bill to impeach a decree on the ground of fraud. While a consideration of this question necessarily called out several propositions which may lead to the conclusion that the complainant below, now the appellee, is entitled to no relief whatever, yet it must not be assumed that we have so decided. In other words, we have

not judicially considered whether he could proceed by a summary petition, or by any method which would claim that the proceedings below on the original bill were void for mistake on the part of either himself or the court, if there was any. As to all such considerations, we express no opinion except as necessarily involved in the questions judicially before us in the manner we have already stated."

It appears, then, that the decision of the Circuit Court was based upon the proposition that, while no fraud was shown, a mistake was clearly shown. This decision of the Circuit Court was reversed by the Circuit Court of Appeals, because there was not enough in the record before it to raise any question except the question of fraud. In the record now before us the complainant bases his prayer for relief on the ground that by mistake the court took certain action in the premises which it had no jurisdiction to take.

Upon a careful examination of the decision of Judge Colt, to which I have referred and which is found in 114 Fed. 801, 52 C. C. A. 435, it is evident that he intended his decision to be a finding of facts. The decision is evidently not intended as a formal opinion. The early part of the decision is intended to state the facts on evidence which he found. The latter part states his conclusions. In 123 Fed. 270, 59 C. C. A. 266, the Circuit Court of Appeals has said:

"It may be well to state here that the law is thoroughly settled that a mere opinion of a judge in the Circuit Court in an equity case is not a 'finding and statement of facts.' This has been very lately said by the Supreme Court in Finney v. Guy, in an opinion passed down on April 6, 1903, 23 Sup. Ct. 558, 47 L. Ed. 839, in the following language: 'No such issue was involved in the Hanson Case, and the opinion regarding such question is only the opinion of the very able judge who gave it upon an abstract proposition, as distinguished from an adjudication upon a point actually in issue.'"

I do not think that the Circuit Court of Appeals on the strength of Finney v. Guy intends to exclude the court from looking to Judge Colt's decision to obtain certain facts which he has stated to be facts; but, however that may be, the record now before me shows clearly what mistake was made. An answer was filed on June 29th. The cause was set down for hearing on bill and answer. Subsequently, on the 21st day of July, another answer was filed; but the case was not, and could not have been, set down for hearing upon that answer. The court, then, under mistake of fact, dismissed the amended bill, upon which there had never been any submission. It dismissed the bill upon the probative force of the answer, when, in fact, the case had not been set down for decision upon the amended bill and answer. The result was that the complainant never had his day in court. It may have been that, if issue had been joined and proofs offered in respect to matters contained in the answer, the complainant would have found himself in further difficulties. We cannot now try out that case and find what would have happened. The fact, however, is clearly before us that the complainant never did have his day in court. In an opinion dissenting from the majority of the court on the case as presented in the bill of 1897 Judge Aldrich said:

"I am under a strong conviction that the relief sought ought to be afforded, not upon the ground of fraud, for that is not shown, but upon the ground of accident or mistake, which is found as a fact, and stated by the learned circuit judge in the cou... below as a reason for his action in vacating the original decree; and, if necessary for such relief, that leave should be granted

to reframe the petition, to the end that relief may be afforded upon the ground of mistake in accordance with the view of the circuit court as shown by the findings and the opinion therein."

The majority did not take the view that the court had the right to proceed as suggested by Judge Aldrich, but did make the explanation in 123 Fed. 270, 59 C. C. A. 266, which I have quoted above, and which looks to some future action, claiming that "the proceedings below on the original bill were void through mistake." Such action has been taken by this bill of review. The record is fully before this court. It appears that by a mistake for which, as Judge Colt finds, the parties, counsel, and the court were all to a certain extent responsible, the court undertook to render a decision and to enter a decree upon the bill and upon an answer filed on July 21, 1895, when, in fact, there had been no submission of the case upon these papers. It would have been easy for Judge Colt to excuse himself from admitting any fault on his part, and to attribute the result to the untenable position taken by the complainant, to which reference is made, and to the mistake of parties; but he frankly assumed a part of the blame for the mistake, and made no excuse. He did this with a simple desire to do justice. He performed an act of clear judicial integrity.

The case now presents a record which shows that the court acted beyond its jurisdiction. Such action was absolutely void. The court cannot sustain the contention of the defendants, that the error was merely one of practice and within the jurisdiction of the court, although this position has been argued with great ability. Much of the learning which learned counsel have invoked would apply if the record showed that the court had jurisdiction and had made a mistake. Clearly the test is whether or not the court had jurisdiction in what it did. The record shows that it had no jurisdiction. Having, then, no power to hear the case on the submission which it made, its judgment and decree were void. No length of time can give effect to a decree based upon no jurisdiction. No lapse of years can give virtue to a void judgment. As Judge Aldrich has said: .

"It is inconceivable that a court may relieve from the mistake of a clerk in filing a wrong paper or wrong order, and still be without power to relieve from its own mistake in taking up, considering, and dismissing a case upon a wrong paper or a record not submitted."

This court should not be prevented from doing justice by the fact that the complainant has been slow in invoking the aid of the court; that he was at first under the misapprehension that he was a victim of fraud, rather than of mistake; that through illness, or from other causes, he has not availed himself of all the opportunities which courts of equity have afforded him, or by the fact that the granting of the relief sought by his bill may only bring him into further litigation.

The fact still remains that he is entitled to have his day in court, and by a mistake he has been deprived of his right. It is the duty of this court upon the record to give the complainant this right. The following entry may be made with reference to the original suit, No. 2,023, namely:

The final decree entered on March 31, 1888, is vacated. The copy of the amended answer filed on the 31st day of March, 1887, is to be treated in all respects as the amended answer filed in court on June 29,

1885, which was lost from the files of the court. All opinions, motions, and orders made and entered subsequent to July 21, 1885, are vacated; and it is ordered that the case stand upon the pleadings as they appeared on the 21st day of July, 1885.